Michael P. McCloskey, Esq. (SBN 106051)
David J. Aveni, Esq. (SBN 251197)
Sean M. Monks, Esq. (SBN 326301)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
E-mail:     michael.mccloskey@wilsonelser.com
            sean.monks@wilsonelser.com

Attorneys for Defendants
BEN WYNNE, CHRIS TANNER, JAMIE ETCHESON, ROBERT MUELLER,
IVAN CHOUSAL, and INTREPID AUTOMATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., a California Corporation;<br><br>Plaintiff,<br>v.<br><br>BEN WYNNE, an individual; CHRIS TANNER, an individual; JAMIE ETCHESON, an individual; ROBERT MUELLER, an individual; IVAN CHOUSAL, an individual; INTREPID AUTOMATION, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:21-CV-01141-LAB-DEB<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>[Removed from the Superior Court of the State of California for the County of San Diego, Case No. 37-2021-00022139]<br>(FAC Filed: May 19, 2021)<br><br>Hon. Larry Alan Burns<br>Courtroom 14A<br>Hearing Date: April 4, 2022<br>Hearing Time: 11:15 AM |

Defendants Ben Wynne ("Wynne"), Chris Tanner ("Tanner"), Jamie Etcheson ("Etcheson"), Robert Mueller ("Mueller"), Ivan Chousal ("Chousal"), and Intrepid Automation ("Intrepid") (together "Defendants") hereby answer the First Amended Complaint ("FAC") by denying all allegations set forth in the FAC not specifically admitted herein, and otherwise responds as follows:

/ / /

## INTRODUCTION

1. Answering Paragraph 1 of the FAC, Defendants deny the allegations in the first sentence. Further, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations and deny on that basis.

2. Answering Paragraph 2 of the FAC, Defendants Wynne, Tanner, Chousal, and Mueller admit their previous place of employment before joining Plaintiff was Hewlett Packard (HP). Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 2.

3. Answering Paragraph 3 of the FAC, Defendants admit Plaintiff filed patent applications with some of the individual Defendants listed as inventors. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 3.

4. Answering Paragraph 4 of the FAC, Defendants admit they formed Intrepid. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 4.

5. Answering Paragraph 5 of the FAC, Defendants admit they formed Intrepid after they left Plaintiff's employ. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 5.

6. Answering Paragraph 6 of the FAC, Intrepid admits it has hired two employees immediately after those employees left Plaintiff's employ. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 6.

7. Answering Paragraph 7 of the FAC, Defendants deny each and every allegation in the Paragraph.

///
///
///
///

8. Answering Paragraph 8 of the FAC, Defendants deny each and every allegation in the Paragraph.

## JURISDICTION AND VENUE

9. Paragraph 9 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court has jurisdiction.

10. Paragraph 10 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants admit venue is proper in this District.

## THE PARTIES

11. Answering Paragraph 11 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of this allegation and deny on that basis.

12. Answering Paragraph 12 of the FAC, Defendants admit the allegations of fact set forth in Paragraph 12 of the FAC.

13. Answering Paragraph 13 of the FAC, Wynne admits he resides in Escondido, California.  Wynne admits he was only a principal systems architect for a few months, and was initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 13.

14. Answering Paragraph 14 of the FAC, Tanner admits he resides in Idyllwild, California.  Tanner admits he was only a principal systems architect for a few months, and was initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 14.

15. Answering Paragraph 15 of the FAC, Etcheson admits he resides in San Diego, California.  Etcheson admits he was only a principal systems architect for a few months, and was initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 15.

/ / /

/ / /

16. Answering Paragraph 16 of the FAC, Mueller admits he resides in San Diego, California. Mueller admits he was only a principal systems architect for a few months, and was initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 16.

17. Answering Paragraph 17 of the FAC, Chousal admits he resides in San Diego, California. Chousal admits he was only a principal systems architect for a few months, and was initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 17.

18. Answering Paragraph 18, Defendants lack knowledge sufficient to form a belief about the truth of this allegation and deny on that basis.

## FACTUAL ALLEGATIONS

19. Answering Paragraph 19 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of this allegation and deny on that basis.

20. Answering Paragraph 20 of the FAC, Defendants admit the individual Defendants were only a principal systems architect for a few months, and were initially hired as such. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 20.

21. The allegations of Paragraph 21 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 21 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 21.

22. The allegations of Paragraph 22 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 22 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

23. The allegations of Paragraph 23 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 23 to the extent they misstate or mischaracterize the referenced document. Except as

expressly admitted, Defendants deny the allegations of Paragraph 23.

24. The allegations of Paragraph 24 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 24 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 24.

25. Answering Paragraph 25 of the FAC, Defendants admit they were sometimes called "Architects" because of their initial job title, and understood subsequent references to them being "architects" after their demotion to be derogatory. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations and deny on that basis.

26. Paragraph 26 of the FAC states simply how some 3D printers work, and thus no response is required regarding what these products do in the 3D printing process. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the FAC.

27. Answering Paragraph 27 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the allegations and deny on that basis.

28. Answering Paragraph 28 of the FAC, Defendants deny each and every allegation in the Paragraph.

29. Answering Paragraph 29 of the FAC, Defendants admit one of the collective names for their work was given the name "Enso" by Wynne and admit they performed some work on the collective project known as Enso. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 29.

30. Answering Paragraph 30 of the FAC, Defendants admit some patent applications were filed listing some of them as inventors while employed by Plaintiff Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 30.

/ / /

/ / /

Case 3:21-cv-01141-AGS-DDL   Document 22   Filed 04/18/22   PageID.611   Page 6 of 20

31. Answering Paragraph 31 of the FAC, Defendants deny each and every allegation in the Paragraph.

32. Answering Paragraph 32 of the FAC, Defendants deny each and every allegation in the Paragraph.

33. Answering Paragraph 33 of the FAC, Defendants admit in the course of regular business and over their whole employment period at Plaintiff, some emails were sent from work accounts to personal accounts, which was an acceptable and known practice at Plaintiff. Except as otherwise expressly admitted, Defendants lack knowledge sufficient to form a belief about the truth of the remainder of the allegations and deny on that basis.

34. Answering Paragraph 34 of the FAC, Chousal admits in the course of regular business and over their whole employment period at Plaintiff, some emails were sent from work accounts to personal accounts, which was an acceptable and known practice at Plaintiff. Except as otherwise expressly admitted, Chousal denies the remainder of the allegations.

35. Answering Paragraph 35 of the FAC, Defendants admit in the course of regular business and over their whole employment period at Plaintiff, some emails were sent from work accounts to personal accounts, which was an acceptable and known practice at Plaintiff and which was done to facilitate their work for Plaintiff. Except as otherwise expressly admitted, Defendants deny the remainder of the allegations.

36. Answering Paragraph 36 of the FAC, Defendants deny each and every allegation in the Paragraph.

37. Answering Paragraph 37 of the FAC, Defendants lack sufficient information as to who sent this email or why it was sent, and therefore deny the whole of this allegation on this basis.

/ / /

/ / /

6
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
270217905v.1                                                              3:21-CV-01141-LAB-DEB

1  38. Answering Paragraph 38 of the FAC, Defendants deny having access to or using "information related to 3D Systems' customers, pricing lists and information, supplier lists, vendor and supplier contact information, information related to materials ordered from vendors, 3D Systems' marketing strategies, and product design information."  As to the remaining allegations, Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations and deny on that basis.

39. Answering Paragraph 39 of the FAC, Defendants admit providing two weeks notice and continuing to work to assist in the transition due to their departure. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 39.

40. Answering Paragraph 40 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations and deny on that basis.

41. Paragraph 41 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

42. Answering Paragraph 42 of the FAC, Defendants admit some of them returned work computers and phones to their initial settings as this was standard procedure in the industry. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 42.

43. Answering Paragraph 43 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations and deny on that basis.

44. Answering Paragraph 44, Defendants admit they formed Intrepid after leaving Plaintiff.  As to the website, it speaks for itself, and thus no response is required regarding the contents of the document.  Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 44.

/ / /

/ / /

45. Answering Paragraph 45, Defendants lack knowledge sufficient to form a belief about what Plaintiff believes and denies the allegations on that basis. Defendants deny any remaining allegations in Paragraph 45.

46. Answering Paragraph 46 of the FAC, Intrepid admits it has hired two employees immediately after those employees left Plaintiff's employ. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 46.

47. Answering Paragraph 47 of the FAC, Defendants admit Plaintiff alleges misappropriation of trade secrets. Except as otherwise expressly admitted, Defendants deny each and every allegation in the Paragraph.

48. Answering Paragraph 48, Defendants admit Intrepid has filed patents during the alleged time window. Except as otherwise expressly admitted, Defendants deny the remaining allegations in Paragraph 48.

49. Answering Paragraph 49 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the allegations regarding Plaintiff's "monitoring" and deny on that basis. Defendants deny each and every other allegation in the Paragraph.

50. The allegations of Paragraph 50 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 50 to the extent they misstate or mischaracterize the referenced document. Except as otherwise expressly admitted, Defendants deny the allegations of Paragraph 50.

51. The allegations of Paragraph 51 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 51 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 51.

52. Answering Paragraph 52 of the FAC, Defendants deny each and every allegation in the Paragraph.

///

53. Answering Paragraph 53 of the FAC, Defendants deny each and every allegation in the Paragraph.

54. The allegations of Paragraph 54 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 54 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 54.

55. The allegations of Paragraph 55 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 55 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 55.

56. The allegations of Paragraph 56 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 56 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 56.

57. The allegations of Paragraph 57 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 57 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 57.

58. Answering Paragraph 58, Defendants deny each and every allegation in this Paragraph.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

59. Answering Paragraph 59 of the FAC, Defendants repeat and incorporate by reference its responses to Paragraphs 1 through 58 of the FAC as if set forth fully herein.

60. Paragraph 60 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in this Paragraph.

61. Paragraph 61 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge sufficient to form a belief about the truth of the purported reasonable efforts by Plaintiff to maintain the secrecy of some of its items and deny on that basis. Defendants deny each and every other allegation in the Paragraph.

62. Answering Paragraph 62 of the FAC, Defendants lack knowledge sufficient to form a belief about what Plaintiff believes Defendants should have known under the circumstances and deny on that basis. Defendants deny each and every other allegation in the Paragraph.

63. Answering Paragraph 63 of the FAC, Defendants deny each and every allegation in the Paragraph.

64. Paragraph 64 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

65. Paragraph 65 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

66. Paragraph 66 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

67. Paragraph 67 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

68. Answering Paragraph 68 of the FAC, Defendants repeat and incorporate by reference its responses to Paragraphs 1 through 67 of the FAC as if set forth fully herein.

69. Paragraph 69 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the items alleged in the FAC are trade secrets protected by the Defense of Trade Secrets Act.

70. Paragraph 70 of the FAC states legal conclusions to which no response is required. To the extent one is required, Defendants lack knowledge sufficient to form a belief about the truth of which of Plaintiff's products and services are used, sold, shipped, and/or ordered in or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce deny on that basis. Defendants deny each and every remaining allegation in the Paragraph.

71. Answering Paragraph 71 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the allegations and deny on that basis.

72. Answering Paragraph 72 of the FAC, Defendants lack knowledge sufficient to form a belief about the truth of the allegations and deny on that basis.

73. Answering Paragraph 73 of the FAC, Defendants deny each and every allegation in the Paragraph.

74. Answering Paragraph 74 of the FAC, Defendants deny each and every allegation in the Paragraph.

75. Paragraph 75 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

76. Paragraph 76 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

///

77. Paragraph 77 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph.

## THIRD CAUSE OF ACTION

78. Answering Paragraph 78 of the FAC, Defendants repeat and incorporate by reference its responses to Paragraphs 1 through 77 of the FAC as if set forth fully herein. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and every allegation in the Paragraph.

79. Paragraph 79 of the FAC states legal conclusions to which no response is required The allegations of Paragraph 79 refer to a written document which is the best evidence as to its contents. Defendants deny the allegations of Paragraph 79 to the extent they misstate or mischaracterize the referenced document. Except as expressly admitted, Defendants deny the allegations of Paragraph 79. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and every allegation in the Paragraph.

80. Paragraph 80 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and every allegation in the Paragraph.

81. Paragraph 81 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge and information as to when these emails or actions were supposedly taken, and so also deny on that basis. Defendants deny each and every remaining allegation in the Paragraph. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and

12
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT
270217905v.1                                                          3:21-CV-01141-LAB-DEB

every allegation in the Paragraph.

82. Answering Paragraph 82, Defendants deny each and every allegation in the Paragraph. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and every allegation in the Paragraph.

83. Paragraph 83 of the FAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the Paragraph. As to Mueller, no response is required because this cause of action has been dismissed. To the extent a further response required, Mueller denies each and every allegation in the Paragraph.

## **FOURTH CAUSE OF ACTION**

84. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

85. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

86. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

87. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

88. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

/ / /

/ / /

89. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

90. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

91. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

## FIFTH CAUSE OF ACTION

92. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

93. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

94. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

95. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

## SIXTH CAUSE OF ACTION

96. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

/ / /

/ / /

97. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

98. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

99. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

## SEVENTH CAUSE OF ACTION

100. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

101. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

102. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

103. No response is required because this cause of action has been dismissed. To the extent a response required, Defendants deny the allegations set forth in this paragraph of the FAC.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following separate and distinct affirmative defenses to the FAC and to each and every cause of action contained therein.

/ / /

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The FAC, and each and every cause of action alleged in it, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

No relief may be obtained under the FAC by reason of the doctrine of unclean hands and/or by reason of the unconscionability of Plaintiffs' acts and claims.

## THIRD AFFIRMATIVE DEFENSE
## (UNJUST ENRICHMENT)

Plaintiff would be unjustly enriched if allowed to recover on this FAC.

## FOURTH AFFIRMATIVE DEFENSE
## (APPORTIONMENT OF RESPONSIBILITY)

A third party contributed to the harm, such that all liability or a portion of the harm is properly attributed to that party, and any liability to Defendants is reduced by that sum.

## FIFTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Plaintiff is estopped from obtaining any and all of the relief sought against Defendants by virtue of its acts, conduct, representations and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE
## (WAIVER)

Any purported duty or obligation alleged in the FAC which Defendants may have owed to Plaintiffs has been waived.

///

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE
### (INTERVENING AND SUPERSEDING CAUSE)

Some or all of Plaintiff's alleged injuries or damages, if any, were proximately caused by the independent and intervening conduct, actions, or omissions of Plaintiffs or persons, corporations, unincorporated associations, government bodies, or other entities, whether or not named as parties to this action.

## EIGTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Each cause of action in the FAC is barred by the application of the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiffs are barred by laches from recovery under the FAC by reason of their unreasonable delay in notifying Defendant of the claims alleged, and by reason of their unreasonable delay in seeking the recovery requested herein.

## TENTH AFFIRMATIVE DEFENSE
### (JUSTIFICATION/PRIVILEGE)

Defendants allege their conduct, as it relates to Plaintiffs' claims, was completely lawful and was justified and/or privileged under California or other applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (RELEASE)

Defendants alleged Plaintiff released them of liability by accepting the resignations and compliance by Defendants with all agreements with Plaintiff, and Plaintiff therefore abandoned or relinquished their claim at the time Defendants finally left Plaintiff's employ.

/ / /

/ / /

## TWELTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

Defendant is informed and believes and thereon alleges that Plaintiffs' alleged damages, if any, are the result, in whole or in part, of Plaintiffs' failure to exercise reasonable care to reduce or mitigate the damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (OFFSET)

Defendant is informed and believes and thereon alleges that Plaintiffs' alleged damages are offset by Plaintiffs' own actions and by claims Defendants have against Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (PERFORMANCE EXCUSED)

Defendants' obligation to perform under the purported contract alleged by Plaintiff, if any, is excused. The purported contract expressly and/or by operation of law impliedly imposed upon Plaintiff a fiduciary duty and a duty of good faith and fair dealing. Plaintiff has engaged in acts, omissions, and courses of conduct which constitute a breach of such duties, which breaches prevented or excused Defendants from performing their obligations, if any, under such contract. Further, Plaintiff has engaged in acts, omissions, and courses of conduct which constitute breaches of the purported contract, which breaches have prevented or excused Defendants from performing their obligations, if any, under such contract.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by way of its FAC;

2. That the FAC be dismissed with prejudice;

3. That Defendants recover the costs of suit incurred, including reasonable attorneys' fees as otherwise provided by law; and

4. That the Court grant to Defendants such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand trial by jury in this action.

Dated: April 18, 2022

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By: */s/ Michael P. McCloskey*
Michael P. McCloskey, Esq.
Sean M. Monks, Esq.
Attorneys for Defendants

*3D Systems, Inc. v. Intrepid Automation, et al.*
USDC, Southern District of California Case No. 21-CV-01141 LAB DEB

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1900, San Diego, California, 92101.

On April 18, 2022, I caused to be served the following document(s):

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

on the following parties in this action:

*Attorneys for Plaintiff, 3D Systems, Inc.*
Roland M. Juarez, Esq.
Emily Burkhardt Vicente, Esq.
D. Andrew Quigley, Esq.
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020
Email:     rjuarez@HuntonAK.com
           ebvicente@HuntonAK.com
           aquigley@HuntonAK.com

by the following method of service:

☒ **BY ELECTRONIC TRANSMISSION VIA NEXTGEN/ECF**
I electronically filed the foregoing document(s) with the Clerk of the Court through the NextGen/ECF system for the Southern District Court of the United States, which system sent Notification of Electronic Filing to the persons listed on the Court's service list for this case. Upon completion of transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by the NextGen/ECF system.

Executed on April 18, 2022, at San Diego, California. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

_____
Irene Gonzales