# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BEN WYNNE; et al.,<br><br>    Defendants. | Case No.: 21-cv-1141-LAB-DDL<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF 3D SYSTEMS INC.'S RULE 72(a) OBJECTIONS TO MAGISTRATE JUDGE'S MAY 1, 2023 DISCOVERY ORDER, [Dkt. 194]; and**<br><br>**(2) OVERRULING THIRD-PARTY DEFENDANT EVAN KUESTER'S RULE 72(a) OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 12, 2023 SCHEDULING ORDER, [Dkt. 240]** |
| INTREPID AUTOMATION, a California Corporation,<br><br>    Counter-Claimant,<br><br>v.<br><br>3D SYSTEMS, INC., a California Corporation; et al.,<br><br>    Counter-Defendants. | |
| INTREPID AUTOMATION,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>EVAN KUESTER; et al.,<br><br>    Third-Party Defendants. | |

On May 15, 2023, Plaintiff 3D Systems, Inc. ("3DS") filed Rule 72(a) Objections ("Objections") to Magistrate Judge David D. Leshner's May 1, 2023 Discovery Order which denied in part 3DS's request to propound additional requests for production ("RFP") beyond the twenty-five RFP limit previously imposed by Magistrate Judge Daniel E. Butcher. (Dkt. 194). On June 26, 2023, Third-Party Defendant Evan Kuester filed Objections to Judge Leshner's June 12, 2023 Scheduling Order which imposed limitations on discovery for all parties pertaining to counterclaims and third-party claims against 3DS and Kuester. (Dkt. 240). 3DS and Kuester object to Judge Leshner's decisions and request this Court reconsider their motions. The Court having read all papers filed in support and in opposition to both Objections, and heard the parties' respective arguments on the May 1, 2023 Discovery Order at the hearing held on June 26, 2023, rules as follows.

## I. PROCEDURAL BACKGROUND

3DS originally filed this suit against Defendants Ben Wynne, Chris Tanner, Jamie Etcheson, Ivan Chousal, and Robert Mueller (collectively, the "Engineers"), as well as Intrepid Automation ("Intrepid") (together with the Engineers, "Defendants"). Intrepid then filed counterclaims and third-party claims against 3DS and third-party Keuster. (Dkt. 42, 199). On June 2, 2022, Judge Butcher issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. (Dkt. 28). Discovery has been ongoing in this case since.

On August 12, 2022, following a discovery hearing on 3DS's Motion to Compel Discovery Responses from Defendants, and in response to Defendants' objections to being served voluminous production requests by 3DS, Judge Butcher ordered, in part, that "the parties may serve no more than 25 requests for production of documents; however, Plaintiff may serve any or all of its 25 requests for production of documents on each Defendant." (Dkt. 39). Thereafter, 3DS amended its first set of RFPs and served those amended requests on Defendants.

1   But on November 29, 2022, 3DS again filed a Motion to Compel, this time
2   complaining that "Defendants produced no documents and, as to the fourteen
3   RFPs at-issue, responded with only objections or a limited agreement to produce
4   specific documents." (Dkt. 61 at 1). 3DS requested an order compelling
5   Defendants to provide further responses to its amended RFPs. Defendants
6   likewise filed a motion to compel, seeking an order compelling 3DS to provide
7   responses to Intrepid's first set of interrogatories. (Dkt. 62). On December 21,
8   2022, Judge Leshner, who was later reassigned to this case, held a discovery
9   hearing on the parties' respective motions to compel, denying 3DS's motion to
10  compel responses to twelve out of fourteen RFPs and granting Intrepid's motion
11  to compel responses to nine out of ten of its special interrogatories. (Dkt. 74).

12       On March 31, 2023, 3DS filed a Motion for Leave to Serve Additional
13  Requests for Production of Documents on Defendants, including twelve additional
14  requests on Intrepid, and five additional requests on the Engineers. (Dkt. 127). On
15  May 1, 2023, following a hearing on the motion, Judge Leshner issued an order
16  denying those requests, stating that the proposed requests "are overbroad in
17  scope, seek information that is not tailored to a claim or defense and are
18  duplicative of prior RFPs as to which the Court denied Plaintiff's earlier motion to
19  compel." (Dkt. 167 at 1–2).

20       On May 15, 2023, 3DS objected to Judge Leshner's ruling, arguing that his
21  decision to deny 3DS the opportunity to propound more discovery requests was
22  clearly erroneous because he applied the wrong standard when analyzing its
23  motion. (Dkt. 194). Defendants oppose 3DS's Objections and request that this
24  Court overrule the Objections because "Magistrate Judge Leshner correctly
25  applied the particularized showing standard to Plaintiff's motion for leave to
26  propound excessive discovery, correctly determined it had not been met, and
27  correctly determined the proposed RFPs were not proportional under Rule 26 in
28  any event." (Dkt. 210 at 1).

In addition to the discovery issues related to the original claims, the parties also disputed the counterclaims and third-party claims against 3DS and Keuster. On September 1, 2022, Intrepid filed its counterclaims and third-party claims as a standalone document. (Dkt. 42). 3DS filed an ex parte application and a motion to strike or dismiss the counterclaims against it. (Dkt. 46, 48). Kuester separately moved to dismiss the third-party claims brought against him. (Dkt. 82). On May 4, 2023, this Court denied 3DS's ex parte claim as moot, granted in part 3DS's and Keuster's motions, and provided Intrepid an opportunity to file an amended Answer. (Dkt. 174). Two weeks later, Defendants filed an amended Answer and Intrepid amended its counterclaims and third-party claims. (Dkt. 199). Pending before this Court are 3DS's and Keuster's Motion to Dismiss and/or Strike the counterclaims and third-party claims within Defendants' amended Answer. (Dkt. 214, 215).

In light of the counterclaims and third-party claims, the parties filed a Joint Motion to Modify the Scheduling Order and Continue Pretrial Deadlines. (Dkt. 203). The parties agreed on new proposed dates for discovery, but had different positions on the amount of discovery that should be allowed related to the counterclaims and third-party claims. (*Id.* at 6–13). For the third-party claims, Kuester requested: (1) Kuester allowed to take ten depositions and Interpid isn't entitled to any further depositions; (2) Kuester and Intrepid limited to fifteen interrogatories ("ROG"); (3) Kuester limited to twenty-five RFPs and Intrepid limited to five additional RFPs; and (4) Kuester and Intrepid limited to fifteen requests for admission ("RFA"). (*Id.* at 6–8). For the counterclaims, 3DS requested: (1) 3DS and Intrepid not allowed any new depositions, but allowed to reopen depositions for a limited amount of time to ask questions solely related to the counterclaims; (2) 3DS and Intrepid limited to five ROGs; (3) 3DS and Intrepid limited to five additional RFPs; and (4) 3DS and Intrepid limited to five RFAs. (*Id.* at 8–10). For the counterclaims and third-party claims, Defendants requested:

(1) 3DS and Kuester allowed to take five additional depositions together and the Defendants also allowed to take five additional depositions, and if a witness is re-deposed that deposition should be limited to 2.5 hours; (2) 3DS and Kuester limited to five ROGs together and Defendants limited to serve five ROGs; (3) 3DS and Kuester limited to five RFPs together and Defendants limited to five RFPs; and (4) 3DS and Kuester limited to twenty-five RFAs together and Defendants limited to twenty-five RFAs. (*Id.* at 11–13).

On May 31, 2023, Judge Leshner held a hearing to discuss the parties' respective positions on the Joint Motion to Modify the Scheduling Order and Continue Pretrial Deadlines. (*See* Dkt. 217). After hearing the parties' arguments, Judge Leshner agreed to modify the previously set deadlines and imposed the following limitations on discovery pertaining to the counterclaims and third-party claims: (1) 3DS allowed five additional depositions with a limit of three hours for anyone re-deposed and may propound up to five ROGs, five RFPs, and ten RFAs; (2) Intrepid allowed five additional depositions with a limit of three hours for anyone re-deposed and may propound up to five ROGs, five RFPs, and ten RFAs; and (3) Kuester allowed five depositions and may propound up to ten ROGs, ten RFPs, and twenty RFAs. (Dkt. 222). The parties may not alter the pretrial dates or exceed the discovery limitations without leave. (*Id.*)

On June 26, 2023, Kuester objected to Judge Leshner's ruling, arguing Judge Leshner should've granted what was requested because limiting Kuester to five depositions, ten RFPs, and ten ROGs is substantially prejudicial and procedurally unfair. (Dkt. 240). Defendants oppose Kuester's Objections and request that this Court overrule the Objections because Judge Leshner's decision "was firmly grounded in [his] broad discretion to manage discovery in matters before him and his exceptionally close monitoring of the nature, extent and proportionality of the extensive discovery already taken by Kuester's co-party and employer in this case, [3DS]." (Dkt. 253 at 1).

## II. LEGAL STANDARD

A party may object to a magistrate judge's non-dispositive pretrial order within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). Under Federal Rule of Civil Procedure 72(a), a magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law." *Id.* "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-cv-595-BAS-MDD, 2017 WL 3335736, at *2 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)). The clear error standard allows the court to overturn a magistrate judge's factual determinations only if the court reaches a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citing *Fed. Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507 (D.D.C. 1990)). An order is contrary to law, on the other hand, "if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard." *PetConnect Rescue, Inc. v. Salinas*, No. 20-cv-527-LL-DEB, 2022 WL 703836, at *3 (S.D. Cal. Mar. 9, 2022) (citing *Hunt v. Nat'l Broad. Co.*, 872 F.3d 289, 292 (9th Cir. 1989)). "When reviewing discovery disputes, however, the Magistrate [Judge] is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

## III. ANALYSIS

### A. May 1, 2023 Discovery Order

3DS seeks to serve seven additional RFPs on Intrepid and five additional RFPs on each of the Engineers related to the following: (1) Intrepid's communications with third parties about obtaining financing or funding for Intrepid; (2) the Engineers' communications sent or received while they were still employed

by 3DS; (3) Intrepid's communications with 3DS's customers, vendors, and suppliers about Intrepid's Epic and Valkyrie products and other equipment that 3DS alleges contain its misappropriated trade secrets; (4) documents that support or are identified in Defendants' responses to 3DS's RFAs and second set of ROGs; and (5) all documents containing trade secrets that each of the Engineers had in their possession at the time they left their employment with 3DS.

The parties dispute whether Judge Leshner applied the correct legal standard in rendering his decision on 3DS's request to propound additional discovery requests.[1] At the March 31, 2023 discovery hearing, Judge Leshner stated: "To obtain this relief, the Plaintiff must make a particularized showing why each additional proposed request for production is appropriate." (Dkt. 194-4 at 4:18–21). Under that standard, Judge Leshner ultimately determined that "the parties made their choices as to how they wished to propound their RFPs[,] and having made that choice, I don't see any particularized showing as to why the additional RFPs are appropriate." (*Id*. at 7:6–9). 3DS argues in its Objections that, because Federal Rule of Civil Procedure 34 doesn't limit the number of RFPs a party may serve, and the twenty-five RFP limit was instead set by Judge Butcher in his original Scheduling Order, the standard that should've been applied by Judge Leshner in considering whether to allow the additional RFPs was the "good cause" standard, which applies when requesting a modification to a scheduling order. (Dkt. 194 at 8 (citing *Youngevity Int'l, Corp. v. Smith*, No. 16-cv-704-BTM-

---

[1] Defendants also attempt to argue that 3DS waived its Objections because it noticed a hearing date for its Objections that was less than 28 days from the filing date. But hearing dates are set by the Court, and the decision to set a hearing date less than or beyond 28 days from the filing date is likewise up to the Court. Civ. L.R. 7.1(e)(1) (any motion or application requiring the Court's ruling will require a minimum filing date of 28 days prior to the hearing "**[u]nless the Court shortens time**") (emphasis added). Regardless, the Court later continued the hearing date from June 5, 2023, to June 26, 2023—more than 28 days from the date the Objections were filed—thus rendering this argument moot.

JLB, 2017 WL 6730078 (S.D. Cal. Dec. 29, 2017))). Defendants disagree with the application of a "good cause" standard, noting that the "particularized showing" standard applies "whenever a party seeks to exceed discovery limitations, not just when a party seeks to propound excess Rule 33 interrogatories." (Dkt. 210 at 7).

Neither party cites to persuasive case law identifying the correct standard to be applied under these circumstances. The cases cited by the parties discuss different standards in the context of requesting leave to propound additional ROGs, take additional depositions, reopen discovery, and extend deadlines set in a scheduling order. *Compare Epicentrx, Inc. v. Carter*, No. 20-cv-1058-JO-MSB, 2022 WL 2196877, at *1 (S.D. Cal. Jan. 6, 2022) ("A party seeking to exceed the presumptive limit [of ten depositions] bears the burden of making a 'particularized showing' of the need for additional depositions.") (alteration in original), *and James v. Lee*, No. 16-cv-01592-AJB-JLB, 2020 WL 5203373, at *6 (S.D. Cal. Sept. 1, 2020) ("Generally, a party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary."), *with Youngevity*, 2017 WL 6730078, at *3 (applying the good cause standard to the plaintiff's request to "modify the scheduling order to allow for discovery on new defendants and allegations contained in the FAC"). None of the cited cases state what standard applies when a party seeks to modify a court-imposed RFP limit.

3DS hasn't demonstrated that Judge Leshner's decision to deny leave to serve additional RFPs was clearly erroneous or contrary to law. First, as Defendants assert, 3DS never argued its underlying motion under the "good cause" standard. (*See* Dkt. 127). In fact, its underlying motion cites no authority at all for its request to propound additional RFPs, and 3DS raises the "good cause" standard argument for the first time in its Objections. *See In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-md-2286-MMA-MDD, 2020 WL 6504416, at *5 (S.D. Cal. Nov. 5, 2020) (quoting *Hendon v. Baroya*, No. 05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *1 (E.D. Cal. Mar. 23, 2012)) ("Motions

to reconsider a magistrate judge's ruling 'are not the place for parties to make new arguments not raised in their original briefs.'").

Second, and most critically here, Judge Leshner's ruling was made against the backdrop of the Rule 26(b) factors for determining what is permissible discovery, including whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). At the April 25, 2023 discovery hearing, Judge Leshner engaged in a lengthy dialogue with counsel about many of the proposed RFPs and noted his specific concerns about certain RFPs being overbroad, outside the scope, or duplicative of previously served discovery requests. (Dkt. 194-4 at 4:7–7:9). Judge Leshner also referenced specific terms, include "trade secrets" and "pitch decks," the definitions of which he found to be too expansive. (*See id.* at 4:24–5:4, 11:2–22). Based on the oral argument and briefings, Judge Leshner wasn't convinced additional RFPs were warranted, so he denied 3DS's motion for leave to propound additional RFPs. (Dkt. 167 at 1–2).

3DS complains that Defendants have only had to respond to thirteen of the twenty-five RFPs served on Defendants thus far. (Dkt. 194 at 10). At the June 26, 2023 hearing, counsel for 3DS represented that twelve RFPs were initially denied for being overbroad, which is why 3DS is now requesting additional RFPs to obtain the information it's still lacking. (*See* Dkt. 248 at 22:20–23:21). The record establishes that 3DS started off by serving numerous overbroad RFPs, prompting Judge Butcher to set a limit on the RFPs. When the case was reassigned to Judge Leshner, that limit remained in place and was the backdrop against which the

parties' onslaught of discovery disputes were decided. 3DS didn't take advantage of all twenty-five RFPs, but that's 3DS own fault for drafting overly broad or duplicative RFPs. *Hallett v. Morgan*, 296 F. 3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery."); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed . . . [when] the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Moreover, 3DS concedes that it had an opportunity to take depositions of four of the five Engineers and will have an opportunity to take the deposition of the last individual. (Dkt. 248 at 30:12–13).

      3DS has failed to show why these additional RFPs aren't overbroad or duplicative of other requests, has had an ample opportunity to obtain the information requested through other means of discovery, and will have an opportunity to depose the last individual Defendant. Moreover, it hasn't shown that Judge Leshner's May 1, 2023 Discovery Order is clearly erroneous or contrary to law. *See CollegeSource, Inc. v. AcademyOne, Inc.*, No. 08-cv-1987-GPC-MDD, 2015 WL 4772644, at *3 (S.D. Cal. Aug. 12, 2015) (overruling objections to magistrate judge's ruling denying leave to conduct discovery when there isn't a demonstrated need for the discovery); *see also Apple Inc. v. Qualcomm Inc.*, No. 17-cv-00108-GPC-MDD, 2018 WL 3861893, at *5 (S.D. Cal. Aug. 14, 2018) (affirming magistrate judge's order finding request for discovery irrelevant); *Brinkley v. Monterey Fin. Servs., LLC*, No. 16-cv-1103-TWR-WVG, 2021 WL 6882428, at *3 (S.D. Cal. Dec. 6, 2021) (denying request to set aside magistrate judge's order that determined special ROGs and RFPs were overly burdensome and the was no indication the requested information would differ in a meaningful and substantial way). The Court **AFFIRMS** Judge Leshner's May 1, 2023 Discovery Order denying 3DS leave to propound additional RFPs and **OVERRULES** 3DS's Objections.

### B.     June 12, 2023 Scheduling Order

In the Joint Motion to Modify the Scheduling Order, Kuester proposed that he be permitted to take ten depositions afforded to him under Fed. R. Civ. P. 30(a)(2); serve fifteen ROGs, which is ten fewer than allowed under Fed. R. Civ. P. 33; serve twenty-five RFPs, which is consistent with Judge Butcher's limit; and serve fifteen RFAs. (Dkt. 203 at 7–8). Defendants proposed that Kuester and 3DS should collectively be limited to five depositions; five ROGS; five RFPS; and twenty-five RFAs. (*Id.* at 12–13). After oral arguments, Judge Leshner issued his order limiting Kuester to five depositions; ten ROGs; ten RFPs; and twenty RFAs. (Dkt. 222 at 4–5). Kuester objects, claiming he is entitled to ten depositions; fifteen ROGs; and twenty-five RFPs because granting him less is prejudicial and procedurally unfair. (Dkt. 240 at 12–16).

Courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When district courts enter scheduling orders, the scheduling order may "modify the extent of discovery." Fed. R. Civ. P. 16(b)(3). Rule 26(b)(2)(C) requires the court, on motion or on its own, to limit the frequency or extent discovery otherwise allowed by the rules when the discovery sought is unreasonably cumulative or duplicative, can be obtained from some other source, the party already had ample opportunity to obtain the information, or the discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). "The recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process 'provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary and wasteful discovery.'" *United States v. 400 Acres of Land*, No. 15-cv-01743-MMD-NJK, 2017 WL 955187, at *1 (D. Nev. Mar. 10, 2017) (alteration in original) (quoting *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603–04 (D. Nev. 2016)).

Kuester isn't entitled to more discovery than Judge Leshner granted.

Kuester vaguely argues he's entitled to ten depositions to defend himself and allowing him five depositions would preclude him from taking depositions of all the named Defendants, Defendants' thirty-eight witnesses, and others. (Dkt. 240 at 12; 263 at 4). However, other than there being a potential to take more than five depositions, he doesn't provide any indication that he would in fact use the five depositions granted to him. *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) ("Parties should ordinarily exhaust their allowed number of depositions before making a request for additional."). Kuester also notes the Federal Rules afford each side ten depositions, (*id.*), but a party isn't always granted a minimum of ten depositions, *see Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 4 n.2 (D.D.C. 2009), and the 1993 Advisory Committee Notes specify that "in some cases the ten-per-side limit should be reduced," Fed. R. Civ. P. 30(a)(2)(A) Advisory Comm. Note to 1993 Amend. Here, Judge Leshner was well aware of the voluminous discovery the parties had conducted, and, with this in mind, determined that it was best to limit the number of depositions Kuester could take regarding the third-party claims at the outset.

Similarly, Kuester wasn't entitled to his requested number of ROGs or RFPs. Kuester argues the prejudicial effects of the discovery restrictions became more apparent while drafting his discovery requests because he would've served twenty RFPs and fifteen ROGs. (Dkt. 240 at 4–10). However, Judge Leshner limited Kuster's discovery with the understanding that the claim against Kuester is "that he pretended to be interested in a job at Intrepid, came in, signed a nondisclosure agreement, was shown some trade secrets, and then backed out, and allegedly went back to 3D Systems and told them all about the trade secrets," which is "narrow in scope in terms of the facts." (Dkt. 217 at 108:13–25). There is also some overlap in the counterclaims and third-party claims involving the allegations of Intrepid's trade secrets, (*id.* at 109:16–24), and 3DS and Kuester should be considered one side, (*id.* at 101:23–102:2). Judge Leshner also understood there

was different conduct alleged against Kuester not alleged against 3DS, and he took these factors into consideration. (*Id.* at 114:5–13). Although Kuester may have wanted more discovery, Rule 26 authorizes Judge Leshner to modify the extent of permitted discovery in this case. Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules.")

Moreover, Judge Leshner didn't limit initial discovery on the counterclaims and third-party claims arbitrarily or lightly. He allowed the parties time to submit their proposals and held a hearing to allow the parties to elaborate on their respective positions. (Dkt. 217 at 101–114). When he issued his order, Judge Leshner indicated he imposed the limitations based on "the amount of discovery propounded in this matter to date and the scope of Intrepid's counterclaims and third party claims." (Dkt. 222 at 4). Trying to push the parties towards trial readiness, Judge Leshner set these limits on discovery, but left open the possibility for the parties, including Kuester, to exceed the discovery limitations by obtaining leave from the Court. (*Id.* at 5).

Kuester hasn't shown that Judge Leshner's June 12, 2023 Scheduling Order is clearly erroneous or contrary to law. *See Jardin v. DATAllegro, Inc.*, No. 10-cv-2552-IEG-WVG, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (overruling objections to magistrate judge's order because there was no abuse of discretion when ordering discovery procedures based on an assessment of the parties' concerns and facts in the case). The Court **AFFIRMS** Judge Leshner's June 12, 2023 Scheduling Order imposing limits on Kuester's discovery related to the third-party claims and **OVERRULES** Kuester's Objections.

## IV.   CONCLUSION

The Court concludes that Judge Leshner didn't clearly err nor apply contrary law in denying 3DS's request for leave to propound additional RFPs, (Dkt. 194), or in setting initial discovery limits for Kuester, (Dkt. 240). *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07-cv-90, 2007 WL 4357672, at *2 (S.D. Cal.

Dec. 11, 2007) (quoting *Paramount Pictures Corp. v. Replay TV,* No. CV 01-9358 FMC (Ex), 2002 WL 32151632, at * 1 (C.D. Cal. May 30, 2002)) ("This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence.")

The Court **OVERRULES** each of 3DS's and Kuester's Objections to Magistrate Judge Leshner's Orders.

**IT IS SO ORDERED**.

Dated:  October 24, 2023

_____
Honorable Larry Alan Burns
United States District Judge