UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>BEN WYNNE, et al.,<br><br>                    Defendants. | Case No.: 21-cv-1141-AGS-DDL<br><br>**ORDER GRANTING IN PART MOTIONS TO SEAL**<br><br>**[Dkt. Nos. 343, 358, 372, 374, 475]** |

## I.
## INTRODUCTION

Before the Court are (1) Plaintiff's Motion to Seal re Plaintiff's Motion for Sanctions [Dkt. No. 343]; (2) Defendants' Motion to Seal re Defendants' Opposition to Plaintiff's Motion for Sanctions [Dkt. No. 358]; (3) Plaintiff's Motion to Seal re Plaintiff's Reply in Support of Plaintiff's Motion for Sanctions [Dkt. No. 372]; (4) Plaintiff's Motion to Consider Whether Materials Designated by Defendants as Confidential Should Be Sealed [Dkt. No. 374]; and (5) Plaintiffs' Motion to Seal Portions of March 27, 2024 Hearing Transcript [Dkt. No. 475]. As set forth below, the Court **GRANTS** the motions with the exception of Defendants' motion to seal the entirety of the transcripts of the depositions of Intrepid Automation and Ben Wynne.

## II.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). When evaluating a request to seal judicial records, courts start with "a strong presumption in favor of access" to those records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). The party requesting sealing bears the burden of overcoming this strong presumption. *Id*. The showing required depends upon whether the underlying motion is "closely related" to the merits of the case—in which case the party must demonstrate "compelling reasons" to seal—or is only "tangentially related" to the merits, which requires a less demanding showing of "good cause." *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, the "compelling reasons" standard applies to Plaintiff's sanctions motion "because the relief requested by plaintiff[] would, if granted, require the District Court to adopt presumptions as to the merits of plaintiffs' claims at trial." *Al Otro Lado, Inc. v. Mayorkas*, No. 317CV02366BASKSC, 2021 WL 666861, at *1 (S.D. Cal. Feb. 19, 2021); *Keating v. Jastremski*, Case No. 3:15-cv-00057-L-AGS, 2020 WL 1813549, at *2 (S.D. Cal. Apr. 9, 2020) (applying compelling reasons standard to motion for terminating sanctions).

## III.

## DISCUSSION

A. **Plaintiff's Motions to Seal (Dkt. Nos. 343, 372, 374, 475)**

   1. **Turner Declaration, Exhibits 2-5**

Plaintiff moves to seal Exhibits 25 to the Declaration of Scott Turner filed in support of the Motion for Sanctions, which Plaintiff describes as "images of 3DS's three-dimensional CAD models." Dkt. No. 343 at 2. Plaintiff contends that compelling reasons exist to seal the CAD images because "3DS's CAD files are among its trade secrets claimed

in this case," and the images are trade secrets because they show "in detail the specifications of 3DS's product designs and anyone with this information could potentially use it to recreate 3DS's products." *Id*. at 3; Decl. of Scott Turner in Support of Plaintiff's Motion to Seal ("Turner Decl."), Dkt. No. 343-4 ¶ 3. The Turner Decl. also states that "3DS derives economic value from this information because 3DS devoted significant amounts of money and human capital to researching and developing these designs and associated technology, and 3DS's competitors would benefit from having access to these designs." Dkt. No. 343-4 ¶ 3. Finally, Plaintiff takes various measures to protect its trade secret information, including mandatory employee confidentiality agreements, employee trainings on protection of intellectual property, policies regarding acceptable use of 3DS's information technology systems, marking documents as confidential, and sharing confidential information only on a need-to-know basis. *Id*. at ¶ 4.

The potential disclosure of trade secrets satisfies the "compelling reasons" standard to seal a court record. *See Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.") (citation omitted). Here, Plaintiff explains that its CAD files are among the trade secrets at issue in the case and that Plaintiff derives significant economic benefit from the designs, the disclosure of which could harm Plaintiff's competitive standing. Thus, compelling reasons justify sealing the CAD images in Exhibits 2-5.

### 2. Quigley Declaration Exhibits 8-22 and 33

Plaintiff also moves to seal Exhibits 8-22 and 33 to the Declaration of D. Andrew Quigley filed in support of the Motion for Sanctions, which Plaintiff describes as "excerpts of activity logs produced by third-party PTC, Inc. and related testimony." Dkt. No. 343 at 2. Exhibit 8 is a transcript of the September 7, 2023, deposition of Andre Loli, PTC's Federal Rule of Civil Procedure 30(b)(6) designee, during which Loli testified about records produced by PTC in responses to subpoenas issued by Plaintiff. Dkt. No. 346-2 at

¶ 18.   Exhibits 9-22 and 33 are excerpts of spreadsheets produced by PTC reflecting Defendants' activity within the OnShape platform. *Id*. at ¶¶ 19-32. Plaintiff contends:

> The analytics data contained in Exhibits 9–22, and 33 is sensitive because, if made public, it could be used by bad actors to exploit the products of PTC's customers, who use OnShape to design new products, improve existing products, or run analytics on proposed designs. Moreover, the format of the log files contained in Exhibits 9–22, and 33 "the individual file characteristics that can be tracked by the OnShape platform, and the format and syntax of the individual identifiers contained in the Log File are proprietary and highly confidential to PTC." "Publicly disclosing the Log File in its complete form, even if certain columns remain redacted, could put PTC at a competitive disadvantage by providing PTC's competitors with information and a roadmap showing how OnShape manages, categorizes, and persists events occurring within the OnShape platform. The same is true of the deposition testimony regarding the log files, which discusses the content and meaning of the log files, including the information contained in Exhibits 9–22, and 33.
>
> PTC also maintains the log file information as confidential internally. "PTC personnel may not access any customer data in the OnShape platform unless in connection with a Court order or validly issued subpoena, a security-related emergency, or with a customer's explicit permission. Unless PTC is provided access by a customer, PTC personnel are not able to see actual models, analytics, and other customer sensitive data without code-level changes to the OnShape platform."

*Id*. at 4-5; *see generally* Decl. of Charles M. Urso, Dkt. No. 343-2, and Decl. of David Katzman, Dkt. No. 343-3.

"'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-mc-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr. 24, 2018) (citing *Nixon*, 435 U.S. at 598). Court records that may be used as such "sources of business information" are sealable under the compelling reasons standard. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *3 (S.D. Cal. May

27, 2016). Exhibits 9-22 contain confidential information regarding the proprietary format of PTC's product and its customers' confidential and sensitive business information. Plaintiff states that disclosure would expose PTC's customers to bad actors hoping to exploit their products and place PTC at a disadvantage in relation to their competitors by revealing PTC's proprietary product design. An order sealing the documents designated as "confidential" by non-party PTC is appropriate here given the sensitive nature of the information contained in the documents and the effect that disclosure would have on PTC and its customers.

### 3.  Quigley Supplemental Declaration (Dkt. Nos. 372, 374)

Exhibits 2-4 to the Supplemental Declaration of Andrew Quigley contain additional documents produced by PTC. The Court finds compelling reasons exist to seal these documents as discussed above.

Exhibit 5 is a profit and loss statement for Intrepid. Exhibit 6 is an excerpt from the deposition of defendant Intrepid Automation under Federal Rule of Civil Procedure 30(b)(6). Defendants have submitted proposed redactions to both exhibits. Dkt. No. 460. Compelling reasons exist to seal the materials that include Intrepid's confidential business information, the disclosure of which could harm Defendants' competitive standing. *Cohen*, 2016 WL 3036302, at *3. The Court **GRANTS** the motion to redact Exhibits 5 and 6 with the redactions proposed by Defendants. Given that the redacted documents are in the public record (Dkt. No. 460), the parties need not take further action.

### 4.  Transcript of March 27, 2024 Hearing (Dkt. No. 475)

Plaintiff moves to redact two references to a vendor/supplier contained in the transcript of the evidentiary hearing on March 27, 2024. The proposed redactions are narrowly tailored and appropriate. *See E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *19 (N.D. Cal. July 22, 2021) (finding compelling reasons to seal identity of non-public vendor to protect party's competitive standing).

/ / /

/ / /

B.  **Defendants' Motion to Seal (Dkt. No. 358)**

Defendants move to seal portions of the Declarations of Jeffrey Catalano and Ben Wynne submitted in opposition to Plaintiff's motion for sanctions. The Court finds compelling reasons exist to seal the following:

- The images contained in paragraphs 3-5, 7-11, 16, 18, 22 and 24 of the Catalano Declaration.
- Exhibits A-M, O, P and Q to the Catalano declaration.
- The images contained in paragraphs 12-18 of the Wynne declaration.

These images contain proprietary business information, the disclosure of which could harm Defendants' competitive standing. *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (granting motion to seal "confidential and proprietary business information").

Defendants also seek to seal Exhibits 3 and 4 to the Catalano Declaration in their entirety. Exhibit 3 is a portion of the transcript of the Rule 30(b)(6) deposition of Intrepid, and Exhibit 4 is a portion of the transcript of the deposition of Wynne. However, Defendants do not explain what compelling reasons exist to seal the entirety of these deposition excerpts, and it is not clear whether Plaintiff asserts that any portion of these transcripts should be sealed. Moreover, even if compelling reasons exist to seal some portions of these transcripts, "a party should still redact records whenever possible." *Grano v. Sodexo Mgmt., Inc.*, No. 3:18-CV-1818-RSH-BLM, 2022 WL 3371621, at *1 (S.D. Cal. Aug. 16, 2022). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to seal Exhibits 3 and 4 in their entirety.

## IV.
## CONCLUSION

The Court **ORDERS** as follows:

1. Plaintiffs' Motions to Seal [Dkt. Nos. 343, 372, 374, 475] are **GRANTED**.
2. Defendant's Motion to Seal [Dkt. No. 358] is **GRANTED IN PART**. By not later than seven days from the date of this Order, Defendants shall refile

Exhibits 3 and 4 to the Declaration of Jeffrey Catalano with proposed redactions and with a description of the compelling reasons that justify the redactions.

**IT IS SO ORDERED.**

Dated: August 21, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge