# EXHIBIT 10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO CABRALES, individually and on behalf of other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21-cv-2122-AJB-DDL<br><br>**ORDER IMPOSING SANCTIONS FOR FAILURE TO APPEAR AT DEPOSITION** |

This Order follows the Court's May 5, 2023, Order to Show Cause regarding Plaintiff Federico Cabrales's failure to appear at his May 4, 2023, deposition. Dkt. No. 72.

## I.

## **BACKGROUND**

On April 20, 2023, the undersigned ordered that Plaintiff's deposition take place on May 4, 2023. Dkt. No. 64. Defendant accordingly served an amended deposition notice for Plaintiff's deposition for May 4, 2023, at 9:00 a.m., at the offices of Veritext Legal Solutions. Declaration of Mary Dollarhide ("Dollarhide Decl."), Dkt. No. 74, at ¶¶ 2-3. Plaintiff's counsel appeared, but Plaintiff did not. *Id.*, at ¶ 4; Declaration of Federico Osuna Cabrales ("Cabrales Decl."), Dkt. No. 76, at ¶ 4.

Plaintiff knew that the Court ordered him to appear for deposition on May 4, 2023, and requested the day off from work to be able to attend. *See* Cabrales Decl., at ¶ 4. He explains his failure to do so as follows:

> I often stay in Tijuana, Mexico, so I had spent the night before my deposition there in my home. When I woke up the morning of May 4, 2023, it was raining a lot. As I drive a motorcycle and I felt uncomfortable making the trip in those conditions, I did not leave my home.

*Id*.

## II.
## LEGAL STANDARDS

Federal Rule of Civil Procedure 37(d) governs a party's failure to appear at his own deposition. Rule 37(b) governs a party's failure to obey a discovery order. Under either subsection of the Rule, the Court "***must***" require the disobedient party, his counsel, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) and (d)(3) (emphasis added). "The party facing sanctions bears the burden of establishing substantial justification or circumstances making an award of expenses unjust." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 335 (D. Nev. 2016) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)). A finding of bad faith is not required for monetary sanctions under Rule 37. *See id*.

## III.
## DISCUSSION

The Court finds that Plaintiff's failure to attend his Court-ordered deposition was not substantially justified. Plaintiff's decision to stay in Tijuana, and unwillingness to drive his motorcycle in the rain, did not give him license to ignore the Court's April 20, 2023, Order. Plaintiff compounded this failure by neglecting to communicate clearly and promptly with his counsel regarding his inability – or unwillingness – to travel that day.

Plaintiff points out that he appeared for deposition on May 10, 2023, and testified for a full day. Cabrales Decl., at ¶ 6. But his belated appearance "does not 'cure the effects'" of his unilateral decision not to attend his deposition on May 4, 2023. *See Elizondo v. SeaWorld Parks & Ent., Inc.*, No. 20-cv-00829-GPC-BGS, 2021 WL 1923287, at *9 (S.D. Cal. May 13, 2021) (explaining that "later compliance" with a deposition notice does not foreclose sanctions because "when a party fails to appear for his deposition, the opposing party is prejudiced by that failure"). For the same reason, the Court does not find that Plaintiff's participation in other discovery and litigation events excuses his failure to appear for deposition on May 4. *See* Cabrales Decl., at ¶ 6 (Plaintiff stating he attended an earlier deposition, a site inspection, and a settlement conference). Setting aside whether Plaintiff "take[s] this case and his responsibilities as a representative plaintiff in this case seriously," *see id.*, the fact remains that Defendant lost time and money because of Plaintiff's nonappearance.

Having determined that Plaintiff failed to appear at his deposition without substantial justification or other extenuating circumstances, the Court turns to the appropriate sanction. An award of reasonable expenses is mandatory under Rule 37. Here, Defendant seeks reimbursement in the amount of $3,116.25, which consists of: $1,130.00 for the court reporter, videographer, and rental of conference space; $595.00 for the interpreter, and $1,391.25 in attorneys' fees (1.75 hours x $795.00 per hour). *See* Dollarhide Decl., at ¶ 7; Dkt. No. 74-2; Dkt. No. 74-3.

The Court finds that the costs incurred for the services of the court reporter, videographer and interpreter, and the use of conference space close to the courthouse, are reasonable. The Court further finds that Defendant's counsel's fees for time spent at the deposition are reasonable. Counsel's hourly rate, while relatively high, is not exorbitant, and the time billed for the deposition is appropriate. *See, e.g., Buchannon v. Associated Credit Svcs.*, No. 3:20-cv-02245-BEN-LL, 2021 WL 5360971, at *16 (S.D. Cal. Nov. 17, 2021) (noting that "[t]he Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience," and collecting

cases). Finally, the Court finds that the foregoing expenses were "caused by" Plaintiff's failure to appear for his May 4, 2023, deposition within the meaning of Rule 37.

The Court recognizes that payment of Defendant's costs may present a financial hardship for Plaintiff. *See* Cabrales Decl., at ¶ 7. However, Plaintiff made a series of decisions leading up to and on the day of his deposition: to stay in Tijuana the night before, to remain in Tijuana rather than ride his motorcycle in rainy weather, and not to communicate with his counsel regarding his unwillingness to travel to attend his deposition. But for these decisions, none of Defendant's expenditures would have been necessary. Because the fault lies with Plaintiff, the Court finds Defendant is entitled under the plain language of Rule 37 to recover its costs. Furthermore, as Plaintiff acknowledges that his attorney was "not responsible" for Plaintiff's nonappearance (*see* Cabrales Decl., at ¶ 7), the Court finds that Plaintiff, and not his counsel, must pay Defendant's costs.

### IV.
### **CONCLUSION**

The Court finds that the Plaintiff failed to attend his court-ordered deposition on May 4, 2023, without substantial justification and has not carried his burden to show other circumstances make an award of sanctions unjust. *See* Fed. R. Civ. P. 37(b)(2)(C) and (d)(3). Accordingly, Plaintiff is **ORDERED** to pay Defendant the sum of $3,116.25. Counsel for the parties are directed to meet and confer regarding an appropriate payment schedule.

**IT IS SO ORDERED.**

Dated: May 17, 2023

_David Leshner_

Hon. David D. Leshner
United States Magistrate Judge