UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3D SYSTEMS, INC.,

Plaintiff,

v.

BEN WYNNE, et al.,

Defendants.

Case No.:  21-cv-1141-AGS-DDL

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**[Dkt. No. 614]**

# I.

# <u>INTRODUCTION</u>

On August 21, 2024, the Court issued an Order granting in part plaintiff 3D Systems Inc.'s motion for sanctions under Federal Rule of Civil Procedure 37(e). Dkt. No. 607.  In relevant part, the Court found that defendants Ben Wynne and Chris Tanner spoliated evidence, that 3D Systems was prejudiced and that sanctions were warranted under Rule 37(e)(1).  The Court further held that Wynne and Tanner must pay 3D Systems's attorneys' fees and costs incurred in bringing the motion for sanctions and ordered further briefing on the appropriate amount of fees and costs.  *Id.* at 18.

3D Systems seeks $432,269.07 in attorneys' fees and costs "for 588.4 hours incurred in relation to its Motion."  Dkt. No. 614 at 15.  Wynne and Tanner do not challenge 3D

Systems's entitlement to recover fees and costs but contend the amounts sought are not reasonable.  Dkt. No. 615.  As set forth below, the Court finds the hourly rates for 3D Systems's counsel are reasonable but that not all the time expended by each of the attorneys handling this matter for 3D Systems should be included in the lodestar calculation.  The Court further concludes that only a portion of the costs incurred by 3D Systems are properly recoverable.

## II.

## BACKGROUND

The Court assumes familiarity with the August 21 Order granting in part 3D Systems's motion for sanctions.  In sum, the August 21 Order found that Wynne and Tanner spoliated evidence by deleting "documents" and "elements" from an online platform called OnShape and that sanctions were warranted under Rule 37(e)(1), but that a jury should determine whether Wynne and Tanner deleted the OnShape documents and elements with the intent to deprive 3D Systems of this information.

Given the finding that Wynne and Tanner should be sanctioned under Rule 37(e)(1), the Court concluded that 3D Systems "is entitled to an award of reasonable attorneys' fees and costs that [it] incurred in preparing and arguing the sanctions motion only." *Porter v. City & Cnty. of San Francisco*, No. 16-CV-03771-CW(DMR), 2018 WL 4215602, at *5 (N.D. Cal. Sept. 5, 2018).[1]  The parties submitted briefing regarding an appropriate fee award.  Dkt. Nos. 614, 615, 620-1.

## III.

## DISCUSSION

### A.  Legal Standards

An award of attorneys' fees must be reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Federal courts employ the 'lodestar' method to determine a reasonable

---

[1]     All citations and internal quotation marks are omitted, and emphasis and alterations added, unless otherwise noted.

attorney's fees award . . . ." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). This is a "two-step process." *Id.* "First, a court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.* "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.* In determining whether to adjust the lodestar figure, the Court considers the following:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

In conducting the loadstar analysis and considering the *Kerr* factors, the Court is mindful that "the determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011). District courts "need not, and indeed should not, become green-eyeshade accountants." *Id.* "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

**B.    Reasonable Rates**

**1.    Legal Requirements**

"Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014). "[T]he relevant community is the forum in which the district court sits." *Id.* "Affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *Id.* "Once a fee applicant presents such evidence, the opposing party has a burden

3

of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* at 1110-11.

## 2. **Analysis**

3D Systems submits a declaration from its lead counsel, Emily Burkhardt Vicente, describing the qualifications and experience of each attorney and paralegal who worked on the sanctions motion and stating that their hourly rates "are commensurate with each attorney's seniority and experience and well within the range of the rates charged by similarly qualified and experienced attorneys in other large firms in Southern California, including San Diego." Dkt. No. 614-1 at 4. Those current rates are[2]:

| Name | Position | Hourly Rate |
|---|---|---|
| Emily Burkhardt Vicente | Partner | $830 |
| Roland Juarez | Partner | $830 |
| D. Andrew Quigley | Counsel | $685 |
| Richard Cortez, Jr. | Associate | $505 |
| Michael A. Pearlson | Associate | $475 |
| Jesse D. Borja | Associate | $475 |
| Brian Moon | Paralegal | $315 |

3D Systems further argues that its rates are within the range of reasonable fees under the "Laffey Matrix" utilized in the District of Columbia. *Id.* Defendants respond that counsel's hourly rates are not reasonable in the Southern District of California and that the Laffey Matrix applies specifically to the District of Columbia and is disfavored elsewhere. Dkt. No. 615 at 6-11.

---

[2]    The hourly rates for certain attorneys changed over time. Dkt. No. 614 at 9 n.1. Although the Court assesses the reasonableness of the current hourly rates, fees will be awarded at the rates in effect at the time the relevant work was performed.

"Affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community are satisfactory evidence of the prevailing market rate." *Chaudhry*, 751 F.3d at 1110.  Here, counsel's declaration states that her firm's hourly rates are "within the range" of rates "in Southern California, including San Diego."  Dkt. No. 614-1 at 4.  However, the declaration offers no specific evidence to support this assertion.  *Compare Chaudhry*, 751 F.3d at 1111 (plaintiffs "carried their initial burden" through expert affidavits that "described plaintiffs' counsel's experience and skill, provided concrete numbers for billing rates at numerous Los Angeles law firms, and compared those rates to plaintiffs' counsel's rates"); *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015) (fee applicant "submitted five declarations from practicing attorneys in support of his $500 per hour fee request").  Moreover, the general reference to rates in "Southern California" is not particularly helpful given that Southern California includes both Los Angeles and San Diego, but the lodestar analysis must be based on reasonable rates in San Diego, *i.e.*, "the forum in which the district court sits." *Chaudhry*, 751 F.3d at 1110.  *See also Erhart v. BofI Fed. Bank*, No. 15-CV-02287-BAS-NLS, 2023 WL 6382460, at *14 (S.D. Cal. Sept. 28, 2023) (court "assigned reduced weight" to declarations from "Los Angeles-based litigators" and "a partner at a Washington, D.C. firm" in determining "the prevailing rate in the San Diego community").

Nor is the Court persuaded that the Laffey Matrix provides an appropriate basis for determining reasonable rates in San Diego.  "[T]he Laffey matrix is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).  "But just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."  *Id.* (finding the Northern District of California court acted within its discretion in declining to rely on Laffey Matrix to calculate reasonable fees).

It would have been more helpful for 3D Systems to provide evidence of reasonable attorneys' fees in San Diego through, for example, the Real Rate Report, "a national

publication that provides statistical data on attorneys' fees by location and practice areas" and that "has been cited with approval by courts inside and outside this district." *Erhart*, 2023 WL 6382460, at \*14 (collecting cases). According to the 2023 Real Rate Report, the median hourly rate for a litigation partner across all matter types in San Diego is $475, with the first and third quartiles ranging from $325 to $885. The median hourly rate for a litigation associate is $285, with the first and third quartiles ranging from $224 to $410. *See L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. 18-cv-06809-MWF-MRW, 2024 WL 3839401, Dkt. No. 377-12 at 43 (C.D. Cal. Aug. 2, 2024).

In addition to the Real Rate Report, "the court may rely on its own familiarity with the legal market to determine the reasonable rates of [counsel]." *Fitzgerald v. Pollard*, No. 20CV848 JM(MSB), 2024 WL 4596401, at \*11 (S.D. Cal. Oct. 28, 2024) (in civil rights class action, approving hourly rates of $825 for partner with 31 years' experience, $775 for senior associate, and $525 for 4-year attorney as "within the range normally charged within this legal community"). "[C]ourts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in the range of $550 per hour to more than $1000 per hour." *Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at \*5 (S.D. Cal. June 18, 2021) (finding $650 per hour reasonable for experienced civil rights trial attorney with 25 years' experience and collecting cases); *see also Buchannon v. Associated Credit Servs., Inc.*, No. 3:20-cv-02245-BEN-LL, 2021 WL 5360971, at \*16 (S.D. Cal. Nov. 17, 2021) (noting that "[t]he Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience," and collecting cases); *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879-BEN (BLM), 2017 WL 2212029, at \*3 (S.D. Cal. May 18, 2017) (finding hourly rates of $750 for an intellectual property partner with 25 years of experience, $550 for an intellectual property associate with 10 years of experience, $350 for an intellectual property associate with 4 years of experience, and $150 for an intellectual property paraprofessional with 19 years of experience reasonable).

/ / /

Considering the experience of 3D Systems's counsel, the Real Rate Report's analysis of hourly rates in San Diego, and the hourly rates approved in the Southern District of California, the Court concludes the hourly rates of 3D Systems's counsel are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry*, 751 F.3d at 1110.  Accordingly, the Court will utilize those rates in the lodestar analysis.

"Generally, reasonable rates for paralegals in this district have ranged from $125 to $250." *Fitzgerald*, 2024 WL 4596401, at *12 (collecting cases).  3D Systems does not provide evidence justifying a $315 hourly rate for Mr. Moon.  Accordingly, the Court concludes that an hourly rate of $200, which is slightly higher than the midpoint, is appropriate for Mr. Moon.

## C.  **Reasonable Hours**

### 1.  **Legal requirements**

Litigants seeking fees have the "initial burden of production," under which they "must produce satisfactory evidence establishing the reasonableness of the requested fee." *$28,000.00 in U.S. Currency*, 802 F.3d at 1105.  Thus, the applicant must "document[] the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  The fee award "may be based on the affidavits of counsel, so long as they are sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98.

Billing records submitted by the party seeking fees "may contain entries for hours that are excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). "Because a reasonable attorney's fee would not include compensation for such hours," the court may "conduct an hour-by-hour analysis of

21-cv-1141-AGS-DDL

the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.*  Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.*

## 2. **Analysis**

### a. **OnShape deposition**

3D Systems seeks to recover $10,572.00 in attorneys' fees for the September 2023 deposition of PTC, Inc., regarding its OnShape platform.  3D Systems explains that it took this deposition after reviewing documents produced by PTC showing that Wynne and Tanner deleted OnShape documents and elements and that 3D Systems "would not have taken this deposition had it not needed to do so to establish [defendants'] misconduct and spoliation of evidence." Dkt. No. 614 at 16.  Defendants point out that the sanctions order was limited to fees and costs "incurred in preparing and arguing the sanctions motion only." Dkt. No. 607 at 18.

Defendants are correct that the August 21 Order did not award fees incurred prior to preparing the sanctions motion.  However, the record indicates that 3D Systems sought to depose PTC only after reviewing documents produced by PTC and discovering that Wynne and Tanner deleted documents.  *Compare Youngevity Int'l v. Smith*, No. 3:16-CV-704-BTM-JLB, 2021 WL 2559456, at *3 (S.D. Cal. May 19, 2021) (declining to award fees incurred in investigation because "[t]his is a routine review that Youngevity would likely have conducted even if the Defendants' production was satisfactory").  Given that 3D Systems did not intend to depose PTC and did so only after learning that defendants deleted OnShape documents and elements, reasonable fees incurred by 3D Systems in taking the deposition are within the August 21 Order's scope.

Reasonable fees include the 12.4 hours spent by Mr. Quigley preparing for and taking the deposition as "the most qualified of 3DS's attorneys" to do so.  Dkt. No. 614-1 at 9.  However, the Court declines to award fees for time expended by Ms. Vicente in

revising Mr. Quigley's deposition outline and "conferring" with him given the inadequate showing of why that review and conferral was warranted. *See Kelly v. Fashion Nova, Inc.*, No. CV 23-02360-JAK (RAOX), 2024 WL 3550387, at *5 (C.D. Cal. May 1, 2024) ("an award for time spent on the same task by two or more attorneys is proper as long as it reflects the distinct contribution of each attorney to the case and the customary practice of multiple-lawyer litigation").

The Court awards $7,750.00 in fees for the PTC deposition:

| Reasonable Hours – Deposition | | |
|---|---|---|
| **Name** | **Hours** | **Rate** |
| D. Andrew Quigley | 12.4 | $625 |

### b. Drafting sanctions motion

Mr. Pearlson, an associate, spent 17.8 hours researching and drafting the motion for sanctions. Ms. Vicente, Mr. Juarez, and Mr. Quigley spent a total of 72.3 hours revising the motion. Defendants do not challenge the time spent by Mr. Pearlson, but they contend the 72.3 hours spent revising the motion was excessive.

"Hours not reasonably expended are those that are excessive, redundant, or otherwise unnecessary." *$28,000.00 in U.S. Currency*, 802 F.3d at 1107-1108. The work of multiple attorneys on the same litigation activity may be reasonable if it "reflects the distinct contribution of each attorney to the case." *Kelly*, 2024 WL 3550387, at *5. But "[a] reduction in allowable hours for the claims of multiple attorneys is warranted if the attorneys are unreasonably doing the same work." *Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc.*, No. CV 10-6938 SVW (PLA), 2013 WL 12129368, at *8 (C.D. Cal. Feb. 20, 2013).

Mr. Pearlson reasonably spent 17.8 hours drafting the motion. However, the 72.3 hours spent by Mr. Quigley, Mr. Juarez, and Ms. Vicente (the senior attorneys) revising the motion were excessive. Between August 29 and September 12, 2023, Mr. Pearlson spent 11 hours researching and drafting the motion. Dkt. No. 614-4 at 2. Between

September 4 and 16, 2023, the senior attorneys spent 7.7 hours reviewing and revising the motion. *Id.* Thereafter, between September 18 and 21, 2023, Mr. Pearlson spent an additional 6.8 hours drafting the motion. *Id.* The senior attorneys then spent approximately 58 hours revising the motion between September 22 and October 6, 2023, with no apparent involvement by Mr. Pearlson. *Id.* at 2-3. In addition, Mr. Quigley spent 6.2 hours drafting a motion to seal, and Mr. Borja spent 1 hour "analyz[ing] OnShape documents in preparation for revising motion for spoliation." *Id.*

3D Systems contends "[t]he input of Mr. Quigley was essential to the Motion because of his familiarity with the OnShape issues and the deposition of PTC, Inc., as well as his review of additional documents produced by Defendants and the responses necessary in light of those documents in the briefing." Dkt. No. 614. This is consistent with the Court's observations of Mr. Quigley at multiple discovery conferences and motion hearings wherein he demonstrated a deep familiarity with the facts and legal issues in the case generally, and the OnShape technology in particular. However, even accepting Mr. Quigley's knowledge of the facts and legal issues, the Court cannot conclude that a ratio of 4 hours spent revising by the senior attorneys for every 1 hour spent drafting by Mr. Pearlson was reasonable.

The Court finds that 17.8 hours reviewing and revising by Mr. Quigley (*i.e.*, a 1:1 ratio of drafting to reviewing) is reasonable, plus 2 hours of review by both Ms. Vicente and Mr. Juarez. The Court declines to award fees for time spent by Mr. Borja "analyzing" documents and "strategizing" in connection with the motion, as those descriptions do not adequately describe the nature of his work in drafting the motion and reply brief or preparing for the evidentiary hearing. *Skyline Advanced Tech. Servs. v. Shafer*, No. 18CV06641CRBRMI, 2020 WL 7025081, at *2 (N.D. Cal. Nov. 30, 2020) ("billing records will be unacceptably vague when they characterize the claimed work – such as labeling a time entry as a 'conference,' or 'review' – without venturing to describe the subject of the conference, or the nature of the review").

/ / /

The Court awards $21,645.00 in fees for drafting the sanctions motion:

| Reasonable Hours – Drafting Motion | | |
|---|---|---|
| Name | Hours | Hourly Rate |
| Emily Burkhardt Vicente | 2 | $830 |
| Roland Juarez | 2 | $830 |
| D. Andrew Quigley | 17.8 | $625 |
| Michael A. Pearlson | 17.8 | $400 |
| Jesse D. Borja | 0 | |
| Brian Moon | 0.4 | $200 |

c.    **Drafting sanctions reply**

3D Systems's billing records reflect that Mr. Pearlson had no involvement in drafting the reply brief. Dkt. No. 614-5. Instead, Mr. Cortez spent 20.2 hours drafting the reply brief, and the senior attorneys spent 20.4 hours reviewing and revising it. The Court agrees with Defendants that a reduction in the number of hours is warranted given that the drafting of the reply brief could have been accomplished more efficiently by the attorney who drafted the motion. The hours incurred by Mr. Quigley in reviewing the reply are reasonable, but the hours incurred by Ms. Vicente and Mr. Juarez are reduced to two hours each consistent with the drafting of the motion. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1107-1108; *Kelly*, 2024 WL 3550387, at *5; *Bobrick Washroom Equip., Inc.*, 2013 WL 12129368, at *8.

The Court awards $15,517.50 in fees for drafting the reply brief:

| Reasonable Hours – Drafting Reply | | |
|---|---|---|
| Name | Hours | Hourly Rate |
| Emily Burkhardt Vicente | 2 | $830 |
| Roland Juarez | 2 | $830 |
| D. Andrew Quigley | 9.7 | $625 |

| Reasonable Hours – Drafting Reply | | |
| --- | --- | --- |
| **Name** | **Hours** | **Hourly Rate** |
| Richard Cortez, Jr. | 13.5 | $450 |
| Brian Moon | 0.3 | $200 |

### d. <u>January 11 motion hearing</u>

The motion hearing on January 11, 2024, lasted approximately 3 hours and encompassed multiple discovery-related issues. The parties agree that approximately one hour was spent on the sanctions motion. 3D Systems elected to have Mr. Juarez argue the sanctions motion notwithstanding that he "required significant assistance from Mr. Quigley on the technical issues." Dkt. No. 614 at 20. In total, Mr. Juarez spent 19.3 hours preparing for the motion hearing. Dkt. No. 614-6. This is in addition to 3.7 hours spent by Mr. Quigley "assisting" Mr. Juarez "with OnShape documents" for the hearing and 3.2 hours spent by Mr. Pearlson conducting legal research and summarizing a case for Mr. Juarez. *Id.* 3D Systems does not seek to recover fees for time spent by Ms. Vicente preparing for the hearing.

The fees sought by 3D Systems are excessive. No reason is given as to why 3D Systems elected not to have Mr. Quigley argue the motion, notwithstanding that he was the attorney most familiar with the OnShape technology at the heart of the sanctions motion and who prepared an extensive declaration in support of the motion. He could have done so efficiently and effectively, as demonstrated by the fact that Mr. Juarez consulted Mr. Quigley on technical issues at the motion hearing. Dkt. No. 435 at 103, 117. The Court agrees with Defendants that a reduction in the number of hours is warranted and finds that a 1:1 ratio of time spent by Mr. Juarez to Mr. Quigley is appropriate. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1107-1108; *Kelly*, 2024 WL 3550387, at *5; *Bobrick Washroom Equip., Inc.*, 2013 WL 12129368, at *8. The Court does not award fees for time spent by Mr. Borja or Mr. Pearlson for the reasons articulated by Defendants. Dkt. No. 615 at 18.

/ / /

The Court awards $11,965.50 in fees for the January 11 motion hearing:

| Reasonable Hours – January 11 hearing | | |
|---|---|---|
| Name | Hours | Hourly Rate |
| Roland Juarez | 8.1 | $830 |
| D. Andrew Quigley | 8.1 | $625 |
| Jesse D. Borja | 0 | |
| Michael A. Pearlson | 0 | |
| Brian Moon | 0.9 | $200 |

e. **March 27 evidentiary hearing**

The evidentiary hearing on March 27, 2024, included testimony from Wynne, Tanner, and Scott Turner. Dkt. No. 470. Each side was allocated 2 hours of total time, including direct and cross-examination, and the hearing lasted approximately 5 hours. 3D Systems's senior attorneys cross-examined Wynne (Ms. Vicente) and Tanner (Mr. Juarez), and conducted a direct examination of Turner (Mr. Quigley). In addition to attending the hearing, the senior attorneys spent 83.4 hours (Ms. Vicente), 31.2 hours (Mr. Juarez), and 75.1 hours (Mr. Quigley) preparing for the hearing.

Given the two-hour time limitation, counsel knew in advance of the hearing that the cross-examinations of Wynne and Tanner would each take approximately one hour (not accounting for any time spent by Mr. Quigley on Turner's direct examination). The Court concludes that allocating two days to prepare for a one-hour cross-examination is reasonable, meaning the total time for Ms. Vicente and Mr. Juarez would be 21 hours (16 hours of preparation plus 5 hours at the hearing). The Court further concludes that 21 hours of total time for Mr. Quigley is reasonable given that, although his direct exam of Turner was shorter than the cross-examinations, he spent additional time preparing for the hearing given his knowledge of the case. The Court does not award fees for time spent by Mr. Borja or Mr. Pearlson for the reasons stated by Defendants. Dkt. No. 615 at 21.

/ / /

The Court awards $50,765.00 in fees for the March 27 evidentiary hearing:

| Reasonable Hours – March 27 hearing | | |
|---|---|---|
| **Name** | **Hours** | **Hourly Rate** |
| Emily Burkhardt Vicente | 21 | $830 |
| Roland Juarez | 21 | $830 |
| D. Andrew Quigley | 21 | $665 |
| Jesse D. Borja | 0 | |
| Michael A. Pearlson | 0 | |
| Brian Moon | 9.7 | $200 |

      **f.**    **Drafting post-hearing brief**

Mr. Quigley drafted 3D Systems's post-hearing briefing that included a memorandum and a lengthy chart addressing each OnShape document and element spoliated by Wynne and Turner. The Court finds the reasonable number of hours to be 40 hours for Mr. Quigley to draft the brief, 2 hours each for Ms. Vicente and Mr. Juarez to review the brief, and 2.9 hours for Mr. Pearlson to perform legal research. The Court does not award fees for time spent by Mr. Cortez or Mr. Borja for the reasons stated by Defendants. Dkt. No. 615 at 23. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1107-1108; *Kelly*, 2024 WL 3550387, at *5; *Bobrick Washroom Equip., Inc.*, 2013 WL 12129368, at *8.

The Court awards $31,140.00 in fees for drafting the post-hearing brief:

| Reasonable Hours – Drafting Post-Hearing Brief | | |
|---|---|---|
| **Name** | **Hours** | **Hourly Rate** |
| Emily Burkhardt Vicente | 2 | $830 |
| Roland Juarez | 2 | $830 |
| D. Andrew Quigley | 40 | $665 |
| Richard Cortez, Jr. | 0 | |

| Reasonable Hours – Drafting Post-Hearing Brief | | |
|---|---|---|
| **Name** | **Hours** | **Hourly Rate** |
| Michael A. Pearlson | 2.9 | $400 |
| Jesse D. Borja | 0 | |
| Brian Moon | 0.3 | $200 |

### g.    Drafting fee petition

Mr. Cortez spent 14.5 hours drafting 3D Systems's petition for attorneys' fees.  This was reasonable, and the Court finds that a total of 5 hours each for Ms. Vicente and Mr. Quigley to revise the petition and review billing records is reasonable given the need for counsel to review detailed billing records.  The Court does not award fees for time spent by Mr. Cortez or Mr. Borja for the reasons stated by Defendants.  Dkt. No. 615 at 23.  *See $28,000.00 in U.S. Currency*, 802 F.3d at 1107-1108; *Kelly*, 2024 WL 3550387, at *5; *Bobrick Washroom Equip., Inc.*, 2013 WL 12129368, at *8.

The Court awards $14,897.50 in fees for drafting the fee petition:

| Reasonable Hours – Drafting Fee Petition | | |
|---|---|---|
| **Name** | **Hours** | **Hourly Rate** |
| Emily Burkhardt Vicente | 5 | $830 |
| D. Andrew Quigley | 5 | $685 |
| Richard Cortez, Jr. | 14.5 | $505 |

## D.    Reduction for Degree of Success

"The district court may reduce the amount of requested fees to reflect a party's limited degree of success . . . ."  *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015).   Defendants contend a 50% reduction in the lodestar calculation is warranted because 3D Systems did not prevail in its request for terminating sanctions.  Dkt. No. 615 at 26-27.  The Court disagrees.

15

The August 21 Order concluded that Defendants had spoliated evidence, that 3D Systems was prejudiced, and that sanctions were warranted under Rule 37(e)(1). Although the Court did not grant 3D Systems's request for terminating sanctions, that does not change the fact that the Court found in its favor on the key questions of whether Defendants violated Rule 37. Moreover, as set forth above, the Court has analyzed the hours expended by 3D Systems's counsel in each facet of the sanctions motion and has tailored the number of hours for which fees will be awarded. With these adjustments, 3D Systems "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award," *Hensley*, 461 U.S. at 434, and no further reduction is warranted based on the fact that terminating sanctions were not granted.

The remaining *Kerr* factors likewise do not support an adjustment to the lodestar figure. *See Kerr*, 526 F.2d at 70. Substantial time and labor were required to draft the motion, reply brief, and post-hearing brief, as well as to prepare for the motion hearing and evidentiary hearing. Moreover, the Rule 37 analysis required the parties and the Court to understand the OnShape CAD technology at issue in analyzing the Rule 37(e) factors, an endeavor that, at times, presented challenges for counsel and the Court. No further adjustment is warranted.

## E.    **Reasonable Costs**

3D Systems seeks $32,405.57 in costs incurred relating to the motion for sanctions. Defendants do not challenge an award of costs generally, but they contend the costs should not include travel expenses for 3D Systems's in-house counsel, Keith Roberson, who attended the evidentiary hearing but did not participate in it. Defendants also challenge the reasonableness of $17,000 in printing, document delivery and courier fees as well as the different hotel rates claimed by 3D Systems's counsel.

A fee award to a prevailing party "can include reimbursement for out-of-pocket expenses including . . . travel, courier and copying costs." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010); *see also Youngevity Int'l v. Smith*, No. 3:16-CV-704-BTM-JLB, 2021 WL 2559456, at *4 (S.D. Cal. May 19, 2021) ("An award of

attorneys' fees under Rule 37 properly includes out-of-pocket expenses including mailing, copying, and travel.").

The Court finds that the following costs are reasonable in the amounts sought by 3D Systems: the PTC deposition transcript, the motion hearing transcripts, meals and other travel expenses for Ms. Vicente, Mr. Juarez, Mr. Quigley, and Mr. Turner (with a hotel rate of $220 per night), and Westlaw charges. The Court declines to award costs for expenses incurred by Roberson for his attendance at the March 27 evidentiary hearing because his presence was not necessary and he did not participate in any manner. The Court further concludes that $1,226.72 and $772.54 in courier fees to deliver documents to Mr. Juarez and Ms. Vicente and $16,323.97 for preparation and delivery of exhibit binders are excessive. No explanation is given for why 3D Systems spent a total of $1,999.26 in courier fees. Additionally, although 3D Systems provided the invoice reflecting its exhibit binder preparation costs (Dkt. No. 620-2), the Court finds that amount excessive given that 3D Systems used only a small subset of those exhibits at the March 27 hearing and moved to admit only 7 exhibits. Dkt. Nos. 466, 470 at 3-4. For these reasons, the Court agrees with Defendants that binder preparation costs for each side should be limited to $2,127.79, the amount actually incurred by Defendants.

The Court has reviewed the itemization of costs submitted by 3D Systems (Dkt. No. 614-10) and awards costs as follows:

| Date | Description | Costs Requested | Costs Awarded |
|---|---|---|---|
| 9/20/2023 | Court reporter transcript for PTC (OnShape) Deposition | 4,232.80 | 4,232.80 |
| 1/10/2024 | Juarez, Roland M - Uber for spoliation motion hearing | 26.32 | 26.32 |
| 1/10/2024 | Quigley, David - Hotel room and fees for spoliation motion hearing | 246.81 | 220.00 |
| 1/10/2024 | Quigley, David - mileage for roundtrip drive to spoliation | 172.34 | 172.34 |

21-cv-1141-AGS-DDL

| Date | Description | Costs Requested | Costs Awarded |
|---|---|---|---|
| | motion hearing from Los Angeles, CA (257.22 miles) | | |
| 1/12/2024 | Court reporter fee - James C Pence-Aviles - 01.11.2024 Motion Hearing Transcript | 743.65 | 743.65 |
| 1/12/2024 | Juarez, Roland M - Hotel for hearing on spoliation motion | 219.76 | 219.76 |
| 1/12/2024 | Juarez, Roland M - Uber for spoliation motion hearing | 45.31 | 45.31 |
| 3/15/2024 | Check for payment of court reporter transcript for Hearing Transcript for 03.14.2024 Status Conference regarding evidentiary hearing | 180.00 | 180.00 |
| 3/22/2024 | Document delivery of hearing exhibits to Roland Juarez in connection with evidentiary hearing on spoliation motion. | 1,226.72 | 0 (excessive) |
| 3/22/2024 | Courier services: print and deliver exhibit binders for E Vicente for use during evidentiary hearing on spoliation motion | 772.54 | 0 (excessive) |
| 3/23/2024 | UPS Express Delivery of check for hearing transcript, Ship To - U.S.D.Ct.of Southern California; Attn: James C. Pence- Avila | 13.28 | 13.28 |
| 3/25/2024 | Roberson, Keith - Airfare from South Carolina to attend prep and hearing on evidentiary hearing for spoliation motion | 847.71 | 0 (excessive) |
| 3/25/2024 | Roberson, Keith - Breakfast in connection with evidentiary hearing for spoliation motion | 24.00 | 0 (excessive) |
| 3/25/2024 | Turner, Scott - Lunch in connection with meeting to prepare for evidentiary hearing for spoliation motion | 22.43 | 22.43 |

| Date | Description | Costs Requested | Costs Awarded |
|------|-------------|-----------------|---------------|
| 3/25/2024 | Turner, Scott - parking in connection with meeting to prepare for evidentiary hearing on spoliation motion | 45.00 | 45.00 |
| 3/25/2024 | Roberson, Keith - personal mileage in connection with evidentiary hearing for spoliation motion | 16.75 | 0 (excessive) |
| 3/25/2024 | Quigley, David - hotel parking in connection with evidentiary hearing on spoliation motion | 84.00 | 84.00 |
| 3/25/2024 | Quigley, David - hotel for attending preparation meeting and evidentiary hearing on spoliation motion (2 nights 3/25/24 and 3/26/24) | 759.61 | 440 |
| 3/25/2024 | Quigley, David - mileage for roundtrip travel to San Diego from Los Angeles for evidentiary hearing (260.05 miles) | 174.23 | 174.23 |
| 3/25/2024 | Roberson, Keith - parking in connection with meeting to prepare for evidentiary hearing on spoliation motion | 10.00 | 0 (excessive) |
| 3/25/2024 | Vicente, Emily B - mileage in connection with travel to San Diego for meeting to prepare for evidentiary hearing on spoliation motion | 92.46 | 92.46 |
| 3/25/2024 | Courier services: print and deliver examination binder to be used during cross-examination of Ben Wynne during evidentiary hearing on spoliation motion | 584.39 | 0 (excessive) |
| 3/26/2024 | Juarez, Roland M - lunch in connection with evidentiary hearing on spoliation motion | 8.48 | 8.48 |

| Date | Description | Costs Requested | Costs Awarded |
|------|-------------|-----------------|---------------|
| 3/26/2024 | Quigley, David - meal expense in connection with evidentiary hearing on spoliation motion | 4.64 | 4.64 |
| 3/26/2024 | Roberson, Keith - dinner in connection with evidentiary hearing on spoliation motion | 35.66 | 0 (excessive) |
| 3/26/2024 | Vicente, Emily B - Breakfast in connection with evidentiary hearing on spoliation motion | 11.21 | 11.21 |
| 3/26/2024 | Vicente, Emily B - meal expense in connection with evidentiary hearing on spoliation motion | 2.47 | 2.47 |
| 3/26/2024 | Vicente, Emily B - dinner for evidentiary hearing in connection with spoliation motion | 17.35 | 17.35 |
| 3/26/2024 | Lunch for 3DS and Hunton Teams during hearing preparation meeting on 3/26/24 | 112.90 | 112.90 |
| 3/26/2024 | Turner, Scott - hotel night on 3/25/24 in connection with meeting to prepare for evidentiary hearing on spoliation motion | 198.09 | 198.09 |
| 3/26/2024 | Roberson, Keith - Breakfast in connection with evidentiary hearing for spoliation motion | 19.98 | 0 (excessive) |
| 3/26/2024 | Courier services: Printing of 5 copy sets of final versions of 3DS's exhibits for evidentiary hearing on spoliation motion and delivery | 16,323.97 | 2,127.79 (excessive) |
| 3/27/2024 | Turner, Scott - breakfast in connection with evidentiary hearing for spoliation motion | 25.73 | 25.73 |
| 3/27/2024 | Vicente, Emily B - Breakfast in connection with evidentiary hearing on spoliation motion | 14.98 | 14.98 |

| Date | Description | Costs Requested | Costs Awarded |
|------|-------------|-----------------|---------------|
| 3/27/2024 | Vicente, Emily B - meal expense in connection with evidentiary hearing on spoliation motion | 18.85 | 18.85 |
| 3/27/2024 | Juarez, Roland M - hotel for nights of 3/25/24 and 3/26/24 in connection with meetings to prepare for and attend evidentiary hearing on spoliation motion | 712.42 | 440 |
| 3/27/2024 | Roberson, Keith - parking in connection with attending evidentiary hearing on spoliation motion | 50.00 | 0 (excessive) |
| 3/27/2024 | Turner, Scott - parking at hotel in connection with evidentiary hearing on spoliation motion | 14.00 | 14.00 |
| 3/27/2024 | Turner, Scott - parking near courthouse in connection with evidentiary hearing on spoliation motion | 35.00 | 35.00 |
| 3/27/2024 | Turner, Scott - road tolls in connection with travel to evidentiary hearing on spoliation motion | 31.29 | 31.29 |
| 3/27/2024 | Vicente, Emily B - hotel in connection with preparation meeting and evidentiary hearing on spoliation motion (2 nights 3/25/24 and 3/26/24) | 869.50 | 440 |
| 3/27/2024 | Vicente, Emily B - roundtrip mileage in connection with evidentiary hearing on spoliation motion | 179.56 | 179.56 |
| 3/28/2024 | Roberson, Keith - rental car in connection with evidentiary hearing on spoliation motion | 164.75 | 0 (excessive) |
| 3/28/2024 | Fee for court reporter transcript for 03.27.24 Evidentiary Hearing | 1,605.00 | 1,605.00 |

| Date | Description | Costs Requested | Costs Awarded |
|---|---|---|---|
| 3/28/2024 | Roberson, Keith - gas for rental car in connection with evidentiary hearing on spoliation motion | 40.96 | 0 (excessive) |
| 3/28/2024 | Courier services: pick up and shred two boxes of documents prepared in connection with evidentiary hearing on spoliation motion | 30.00 | 30.00 |
| 3/28/2024 | Courier services: pick up boxes following evidentiary hearing on spoliation motion | 57.52 | 57.52 |
| 3/28/2024 | Roberson, Keith - Breakfast in connection with evidentiary hearing for spoliation motion | 40.37 | 0 (excessive) |
| 3/28/2024 | Roberson, Keith - personal mileage in connection with evidentiary hearing for spoliation motion | 16.75 | 0 (excessive) |
| 3/28/2024 | Roberson, Keith - hotel for preparation for and evidentiary hearing on spoliation motion 3/25/24 - 3/28/24) | 613.98 | 0 (excessive) |
| 3/28/2024 | Turner, Scott - hotel in connection with evidentiary hearing on spoliation motion for 3/26/24 | 423.06 | 220 |
| 4/1/2024 | UPS Express Delivery of check for hearing transcript, Ship To - U.S.D.Ct.of Southern California; Attn: James C. Pence- Avila | 11.69 | 11.69 |
| 4/2/2024 | UPS Express Delivery of check for hearing transcript, Ship To - U.S.D.Ct.of Southern California; Attn: James C. Pence- Avila | 13.29 | 13.29 |
| 4/25/2024 | Westlaw charge by Richard Cortez in connection with research related to spoliation motion | 11.33 | 11.33 |

| Date | Description | Costs Requested | Costs Awarded |
|------|-------------|-----------------|---------------|
| 4/25/2024 | Westlaw charge by Richard Cortez in connection with research related to spoliation motion | 150.68 | 150.68 |
| | | **Total Award** | 12,493.43 |

## F.    <u>Stay of Fee Award</u>

The Court denies Defendants' request to stay payment of the fee award pending disposition of their motion for summary judgment.  Defendants' violation of Rule 37(e) caused 3D Systems to incur fees and costs irrespective of the future ruling on the pending summary judgment motion.  "It would be inappropriate to delay the fee award and have [3D Systems] or its attorneys bear the burden of carrying that added expense caused by Defendants." *Youngevity Int'l*, 2021 WL 2559456, at *5 (denying request to delay payment of fee award under Rule 37).

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court **GRANTS IN PART** 3D Systems's motion for attorneys' fees and costs.  Defendants Wynne and Tanner must pay 3D Systems a total of $166,173.93 (reflecting $153,680.50 in fees and $12,493.43 in costs) jointly and severally within 60 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  January 7, 2025

Hon. David D. Leshner
United States Magistrate Judge