UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BEN WYNNE, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21-cv-1141-AGS-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL**<br><br>**[Dkt. No. 503]** |

## I.

## **INTRODUCTION**

On August 21, 2024, the Court ruled on several motions to file documents under seal related to Plaintiff's motion for sanctions at Dkt. No. 343. Dkt. No. 608 (granting or granting in part motions to seal at Dkt. Nos. 343, 358, 372, 374, and 475). The August 21 Order did not include Dkt. No. 503, which is another motion to seal related to the sanctions motion. That motion concerns three images that were admitted at the March 27, 2024 evidentiary hearing and that were attached to Defendants' "Supplemental Briefing" in opposition to the sanctions motion. Dkt. No. 502-1. For the reasons discussed below, the Court **GRANTS** the motion to seal and **DIRECTS** the Clerk of Court to file the documents lodged at Dkt. No. 504 under seal.

/ / /

## II.

## **LEGAL STANDARDS**

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  When evaluating a request to seal judicial records, courts start with "a strong presumption in favor of access" to those records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The party requesting sealing bears the burden of overcoming this strong presumption. *Id.*  The showing required depends upon whether the underlying motion is "closely related" to the merits of the case—in which case the party must demonstrate "compelling reasons" to seal—or is only "tangentially related" to the merits, which requires a less demanding showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, the compelling reasons standard applies "because the relief requested by plaintiff[] would, if granted, require the District Court to adopt presumptions as to the merits of plaintiffs' claims at trial." *Al Otro Lado, Inc. v. Mayorkas*, No. 317CV02366BASKSC, 2021 WL 666861, at *1 (S.D. Cal. Feb. 19, 2021); *Keating v. Jastremski*, No. 3:15-cv-00057-L-AGS, 2020 WL 1813549, at *2 (S.D. Cal. Apr. 9, 2020) (applying compelling reasons standard to motion for terminating sanctions).

## III.

## **DISCUSSION**

In its August 21, 2024 Order, the Court discussed at length the applicability of the compelling reasons standard to each of the documents the parties sought to file under seal. Included among these were images contained in declarations that contained "proprietary business information, the disclosure of which could harm Defendants' competitive standing." Dkt. No. 608 at 6 (citing *Jam Cellars, Inc. v. Wine Grp., LLC*, No 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (granting motion to seal "confidential and proprietary business information")).  The same compelling reasons exist to file the exhibit containing the three images at issue under seal.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to file the document lodged at Dkt. No. 504 under seal.

**IT IS SO ORDERED.**

Dated:  February 3, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge