UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>Ben WYNNE, et al.,<br><br>        Defendants. | Case No.: 21-cv-1141-AGS-DDL<br><br>**ORDER DENYING AS MOOT 3D SYSTEMS' OBJECTIONS AND MOTION FOR LEAVE TO FILE A REPLY BRIEF (ECF 616, 617, 628)** |

3D Systems objects to two of the magistrate judge's rulings and moves for leave to file a reply brief in support of one of those objections. (ECF 616, 617, 628.) But all its objections are centered upon 3D Systems' trade-secret misappropriation claims, and there is no longer a live controversy regarding those claims. (*See* ECF 645.) So, the objections and motion for leave to file a reply brief are denied as moot.

## BACKGROUND

**A. 3D Systems' Sanctions-Order Objections (ECF 616)**

Two individual defendants, Ben Wynne and Chris Tanner, "deleted information from a cloud-based platform" when Wynne was "served with the lawsuit in this case." (ECF 607, at 1.) 3D Systems moved for terminating and other sanctions (ECF 346), and the magistrate judge granted that request in part. (*See generally* ECF 607.) Specifically, the magistrate judge found that "Wynne and Tanner spoliated evidence," "3D Systems was prejudiced," and "sanctions are warranted." (*Id.* at 2.) The magistrate judge correspondingly (1) ordered Wynne and Tanner to "pay 3D Systems'[] attorneys' fees incurred in bringing [the sanctions] motion"; (2) found that "the jury should determine whether the spoliation was intentional" (if it does, the magistrate judge ruled that "the appropriate sanction is to provide a 'permissive inference' instruction informing the jury that it may presume the deleted information was unfavorable to defendants Wynne and Tanner"); and (3) recommended that "terminating sanctions are not warranted." (*Id.*; *see also* ECF 638 (ordering defendants to pay $166,173.93 in attorneys' fees).)

1

1    3D Systems argues a greater sanction was warranted and objects to the "conclusion
2    that a jury should decide whether Defendants Wynne and Tanner had the intent to deprive
3    3DS of information related to this lawsuit" and to the terminating sanctions
4    recommendation. (ECF 616, at 7.) It also seeks to file a reply brief in support of its
5    objections. (ECF 628.) It does not object to the monetary sanctions portion. (*See generally*
6    ECF 616.) And defendants do not object to the sanctions order. (*See generally* ECF 626.)

**B.   3D Systems' Forensic-Inspection Objection (ECF 617)**

Because Wynne and Tanner deleted files, 3D Systems also seeks to look deeper under defendants' hood than the magistrate judge permitted during discovery. (*See generally* ECF 389.) It asks to forensically inspect: (1) defendants' hard drives for a one-month period "to determine whether Wynne and Tanner spoliated additional evidence"; (2) the "hard drives belonging to Wynne and Tanner while they worked at 3DS up to one year after they left 3DS to search for (a) 3DS's JanBot 2016 CAD that Tanner testified is in his possession; (b) documents exported from Defendants' OnShape account; (c) copies of documents Defendants deleted from OnShape when the lawsuit was served that they claim to have found; and (d) documents Defendants imported to OnShape before this lawsuit was filed"; and (3) "[a]ll documents imported or created on Defendants' OnShape account" during a roughly two-year period. (*Id.* at 3.)

The magistrate judge denied the request, finding that "the requested forensic inspections are not proportional to the needs of the case." (ECF 612, at 2.) 3D Systems objects. (*See generally* ECF 617.)

**DISCUSSION**

3D Systems' objections are now moot. As the Court detailed in a previous order, 3D Systems never identified any of its allegedly misappropriated trade secrets in this case. (*See* ECF 645.) And all of 3D Systems' objections are focused upon the trade-secret claims that this Court entered summary judgment against.

For example, all of 3D Systems' sanctions-related objections relate to the misappropriation and use elements of a trade-secret claim. (*See, e.g.*, ECF 616, at 31

(requesting a jury instruction that defendants aimed to "conceal their *misappropriation* of 3DS's trade secrets" and that defendants "*took* and *used*" the trade secrets (emphasis added)); *id.* at 23 (stating that the "metadata of the files destroyed when this lawsuit was served is critical because it would show the history of how the documents and elements were *used*" (emphasis added)); *id.* at 25 (arguing that the "only conclusion is that Wynne and Tanner destroyed . . . direct evidence of their *theft and use* of 3DS's" trade secrets (emphasis added)); *id.* at 27 (alleging that "3DS has been deprived of direct evidence of *misappropriation*" (emphasis added)).)

Its inspection objections are similarly rooted in now-moot trade-secret claims. (*See, e.g.*, ECF 617, at 6 (arguing that the "JanBot CAD is plainly relevant to the litigation because the JanBot CAD contains . . . a *trade secret* central to this litigation" (emphasis added)); *id.* (contending that "Tanner's admission . . . is certainly direct evidence of *misappropriation* (emphasis added)); *id.* at 8 (asking for the OnShape inspection because the information is "directly relevant to 3DS's *misappropriation* claims" (emphasis added).)

## CONCLUSION

As there is no live controversy about 3D Systems' trade-secret misappropriation allegations, its objections and objection-related request to file a reply brief are **DENIED** as moot. If the Court grants reconsideration, the parties are welcome to re-raise these issues.

Dated: April 30, 2025

Hon. Andrew G. Schopler
United States District Judge