HUNTON ANDREWS KURTH LLP
EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@HuntonAK.com
ROLAND M. JUAREZ (SBN 160793)
rjuarez@HuntonAK.com
D. ANDREW QUIGLEY (SBN 280986)
aquigley@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Plaintiff, 3D SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., a California Corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEN WYNNE, an individual; CHRIS TANNER, an individual; JAMIE ETCHESON, an individual; ROBERT MUELLER, an individual; IVAN CHOUSAL, an individual; INTREPID AUTOMATION, a California Corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 3:21-cv-01141-AGS-DDL<br><br>**3D SYSTEMS, INC. AND EVAN KUESTER'S MOTION TO SEAL EXHIBITS SUBMITTED WITH THEIR OPPOSITION TO INTREPID AUTOMATION'S MOTION IN LIMINE #2.** |
| INTREPID AUTOMATION,<br>　　　　Counter-Claimant,<br>　　v.<br>3D SYSTEMS, and DOES 1-50, inclusive,<br><br>　　　　Counter-Defendant. | |

| | |
|---|---|
| 1 | INTREPID AUTOMATION, |
| 2 |        Third Party Claimant, |
|   |   v. |
| 3 | EVAN KEUSTER, and ROES 1-50, inclusive, |
| 4 |   |
| 5 |        Third Party Defendant. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3D Systems, Inc. ("3DS") and Evan Kuester ("Kuester") submit this motion to seal Exhibits J, K, L, M, T, U, and V, attached to the Declaration of Emily Burkhardt Vicente filed in support of 3DS and Kuester's Opposition to Intrepid Automation's Motion in Limine #2.  Each of the documents at issue is an excerpt of spreadsheets produced by third-party PTC, Inc., which has designated this information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," and representatives from PTC, Inc. have provided declarations in support of sealing this information, as set forth below.

## I.   Standard for Motion to Seal

The "compelling reason" standard applies to seal evidence submitted in support of motions in limine.  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-99 (9th Cir. 2016) ("[P]lenty of technically nondispositive motions—including routine motions in limine—are strongly correlated to the merits of a case" and subject to the compelling reason standard).  The compelling reason standard is satisfied "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978)).

## II.   Compelling Reason Exists to Seal OnShape Spreadsheets Produced by Third-Party PTC, Inc.

Pursuant to Chambers Rule 1, 3DS and Kuester set forth the provisionally sealed evidence and its basis for seeking to seal such evidence in the chart below.

| Provisionally Sealed Evidence | Party Designating as Confidential | Basis for Sealing Evidence |
|---|---|---|
| Declaration of Emily Burkhardt Vicente, Exhibits J, | Third-Party PTC, Inc. | These documents are excepts of spreadsheets produced by third-party PTC, Inc., owner of the OnShape CAD platform, in response to |

1

| | | |
|---|---|---|
| K, L, M, T, U, and V, which are excerpts of OnShape spreadsheets produced by third-party PTC, Inc. | | subpoenas issued by 3DS. PTC designated the spreadsheets, including the excerpts depicted in these exhibits, as "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY" and expected that the information would be filed under seal or not at all. Declaration of D. Andrew Quigley, Ex. 1 (Declaration of Charles M. Urso ("Urso Decl.") ¶ 14). The analytics data contained in these exhibits is sensitive because, if made public, it could be used by bad actors to exploit the products of PTC's customers, who use OnShape to design new products, improve existing products, or run analytics on proposed designs. Declaration of D. Andrew Quigley, Ex. 2 (Declaration of David Katzman ("Katzman Decl.") ¶¶ 8-9, 15). Moreover, "the individual file characteristics that can be tracked by the OnShape platform, and the format and syntax of the individual identifiers contained in the Log File are proprietary and highly confidential to PTC." *Id*. ¶ 13. "Publicly disclosing the Log File in its complete form, even if certain columns remain redacted, could put PTC at a competitive disadvantage by providing PTC's competitors with information and a roadmap showing how OnShape manages, categorizes, and persists events occurring within the OnShape platform." |

*Id.* ¶ 14; *see Calhoun v. Google LLC*, 2022 WL 3348583, at *3 (N.D. Cal. Aug. 12, 2022) (sealing internal system information under the good cause standard).

PTC also maintains the log file information as confidential internally. "PTC personnel may not access any customer data in the Onshape platform unless in connection with a Court order or validly issued subpoena, a security-related emergency, or with a customer's explicit permission. Unless PTC is provided access by a customer, PTC personnel are not able to see actual models, analytics, and other customer sensitive data without code-level changes to the Onshape platform." *Id.* ¶ 10.

As set forth in the Urso and Katzman declarations, "It is imperative to maintaining customer security, and to avoid putting PTC at a competitive disadvantage, that the Log File, and the log file produced in subsequent productions, are not made publicly available." Urso Decl. ¶ 16; Katzman Decl. ¶ 18.

### III. Conclusion

Based on the foregoing, 3DS and Kuester respectfully request that the Court grant

3

its motion and seal the documents set forth above.

DATED:  December 19, 2025           **HUNTON ANDREWS KURTH LLP**

By: */s/ D. Andrew Quigley*
    Emily Burkhardt Vicente
    Roland M. Juarez
    D. Andrew Quigley
Attorneys for Plaintiff 3D SYSTEMS, INC.

4