UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| 3D SYSTEMS, INC., | Case No.: 21-cv-1141-AGS-DDL |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DISCOVERY-RELATED MOTIONS (ECF 662, ECF 665) AND REOPENING DISCOVERY** |
| Ben WYNNE, et al., | |
| Defendants. | |

In overlapping motions, plaintiff 3D Systems and defendant Intrepid both cry foul against the other over alleged discovery abuse. But the Court concludes no one did anything worth sanctioning. Instead, to get to the bottom of this, the Court will briefly reopen discovery.

## DISCUSSION

Under the Federal Rules, a party must generally "provide to the other parties" information about every "individual likely to have discoverable information"—as well as "all documents"—that the party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). Litigants have a continuing duty to "supplement or correct [their] disclosure or response" in a "timely manner" when "the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction," the Court may impose a range of other, often more drastic, sanctions. *Id.*

### A.    Intrepid's Motion for Sanctions

Intrepid moves for sanctions, alleging that 3D Systems "hid the existence of the PSLA 270 [3D printer] development project from Intrepid and this Court during discovery and, when the project became public, actively and successfully opposed Intrepid's efforts

to take discovery of it." (ECF 662, at 5.) After the Court ruled that 3D Systems must prove that it "arrived at the [PSLA 270] by independent invention," however, 3D Systems sought "to introduce [previously undisclosed] evidence concerning the development of the PSLA 270." (*Id*. at 20.) According to Intrepid, this information should have been revealed earlier due to 3D Systems' initial-disclosure and supplemental-disclosure obligations (*id*. at 5, 20) and its duty to truthfully answer Intrepid's interrogatory seeking "all facts that [3D Systems] contend[s] support any defense [3D Systems] intend[s] to assert in response to Intrepid's counterclaims" (*id*. at 8).

But 3D Systems believes it never needed to disclose that information earlier, a position with which the Magistrate Judge implicitly agreed. According to 3D Systems, it was under the impression that it must only disclose information on any "large-format multi-projection 3D printer" it was working on "to compete with Intrepid's Valkyrie." (ECF 673, at 19.) It says the PSLA 270 is a "medium-format DLP multi-projection printer that serves a different market segment than Intrepid's Valkyrie printer." (*Id*. at 20 (cleaned up).) If 3D Systems didn't use Intrepid's trade secrets in that technology, then that's an understandable assumption. And when Intrepid informally raised this issue with the Magistrate Judge, he was "hard-pressed to see how these additional [PSLA-270-related] documents, even if there is some relevance, are proportional to the needs of the case." (ECF 640, at 79.)

## B.    3D Systems' Motion to Strike

For 3D Systems' part, it moves to strike some of Intrepid's supplemental disclosures and discovery responses. In 3D Systems' telling, Intrepid learned of the PSLA 270 printer in November 2023, informally raised the issue with the Magistrate Judge the next month, and then "lied in wait for seventeen months" before serving "supplemental amended discovery responses and amended disclosures asserting entirely new theories of liability and damages based on the PSLA 270." (ECF 665, at 6 (emphasis removed).) The lateness of this discovery, says 3D Systems, was neither "substantially justified nor harmless." (*Id*. at 12.)

Even assuming that Intrepid's supplement was untimely, it appears harmless. The "factors" that "guide the determination of whether substantial justification and harmlessness exist" are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). Any prejudice seems minimal. This dispute turns on information that has always been in 3D Systems' possession: its development of "large format SLA devices" and the "PSLA 270." (ECF 665, at 10.) It seems unlikely that 3D Systems would be prejudiced or surprised by discussion of its own products. Nor is there enough evidence to conclude that either party engaged in bad-faith tactics. Finally, any disruption of the trial schedule is outweighed by the benefit of limited further discovery for both parties. After all, if 3D Systems sent an employee to spy on Intrepid's technology, used stolen trade secrets to push the PSLA 270 family of products to market, and hid all that until after discovery closed, then Intrepid deserves to delve into that information before trial. On the other hand, if 3D Systems fairly used its own technology and processes to independently develop those products, then it, too, deserves that information at its disposal for trial.

## CONCLUSION

Thus, the parties' motions are **DENIED** in all respects, except for 3D Systems' alternative motion for additional discovery, which is **GRANTED in part**. By **February 18, 2026**, the parties must contact the assigned Magistrate Judge to schedule time to discuss the bounds of further discovery. Starting on a date set by the Magistrate Judge, the parties will have four weeks to complete discovery, which will be limited to 3D Systems' development of the PSLA 270, including its family of products, and the related damages request. Each party may ask three targeted interrogatories, make three requests for production of documents or items, and take one eight-hour deposition. The Court refers to the Magistrate Judge any disputes or questions about these limitations as well as any discovery extension requests.

21-cv-1141-AGS-DDL

The final pretrial conference is vacated. Once the parties confirm a discovery timeline, they must jointly propose three final pretrial conference dates for roughly one month after discovery closes and three trial dates for the month after that. Each side will bear its own costs for these motions.

Dated:  February 12, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

21-cv-1141-AGS-DDL