UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., | Case No.:  21-cv-1141-AGS-DDL |
| Plaintiff, | |
| v. | **ORDER RE DEPOSITION TOPICS** |
| BEN WYNNE, et al., | |
| Defendants. | |

Judge Schopler's order reopening discovery permits "each party . . . [to] take one eight-hour deposition."  Dkt. No. 752 at 3.  The parties exchanged Rule 30(b)(6) notices containing their proposed topics of inquiry and, after meeting and conferring, reached agreement regarding seventeen of Intrepid Automation's ("Intrepid") proposed topics and twenty of 3D Systems' proposed topics.  Dkt. No. 773 at 2-3.  The remaining topics are in dispute.  *Id.* at 3-53.  The Court examines the disputes and sets forth the authorized topics below.

## I.

## BACKGROUND

In ruling on the parties' discovery-related motions, Judge Schopler determined that "no one did anything worth sanctioning" but that discovery would be "briefly reopen[ed]."  Dkt. No. 752 at 1 ("February 12 Order").  Specifically, "the parties will have four weeks

to complete discovery, which will be limited to 3D Systems' development of the PSLA 270, including its family of products, and the related damages request." *Id.* at 3. "Each party may ask three targeted interrogatories, make three requests for production of documents or items, and take one eight-hour deposition." *Id.* The February 12 Order referred to the undersigned "any disputes or questions about these limitations as well as any discovery extension requests." *Id.*

On March 17, 2026, the undersigned issued an order regarding the scope of reopened discovery authorized by the February 12 Order. Dkt. No. 769. In relevant part, the Court concluded that the PSLA 270's family of products, as used in the February 12 Order, meant "the PSLA 270 and PSLA 380" and did not include "the large-format printer concept discussed by the parties." *Id.* at 2. Additionally, the Court concluded that reopened discovery "must be tethered to the Intrepid trade secrets that Kuester allegedly observed at Intrepid in 2021 and whether 3D Systems used any such trade secret information in the development of the PSLA 270 or PSLA 380." *Id.* at 5. Specifically, the trade secrets at issue are (1) "Intrepid's implementation of edge-blending technology" and (2) "implementation of [Intrepid's] multi-projector calibration techniques." *Id.* Therefore, the scope of discovery is limited to the influence of these two trade secrets in the development of the PSLA 270 and the PSLA 380.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although broad, "the scope of discovery is not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). The Court "must limit" irrelevant, overly broad,

2

unduly burdensome, cumulative or disproportional discovery. Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 30(b)(6), "upon the noticing of a corporation's deposition, it must designate one or more persons to testify on its behalf." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 106 (D. Nev. 2023), aff'd sub nom. *Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK, 2023 WL 5035323 (D. Nev. Aug. 4, 2023). This "imposes reciprocal obligations on proponent and deponent: the proponent must specify which subject matters it intends to inquire into, and the deponent must take affirmative steps to learn about those topics." *Coppel v. Sea World Parks & Ent., Inc.*, No. 21-CV-1430-RSH-DDL, 2024 WL 4472352, at *6 (S.D. Cal. Aug. 19, 2024). The party noticing the deposition must describe "with reasonable particularity" the matters upon which the organization will be asked to testify. *Id.* (quoting Fed. R. Civ. P. 30(b)(6)). "For Rule 30(b)(6) to 'effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" *Id.* at *6 (citation omitted). "The corporation must then prepare the deponent to fully and unevasively answer questions about the designated subject matter." *Alvarado-Herrera*, 344 F.R.D. at 106-07 (citation omitted).

"[C]ourts have repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition in that it is not feasible for a Rule 30(b)(6) witness to know the intimate details of everything." *Id.* at 107 (citation omitted). Accordingly, the assessment of burden and proportionality in the context of a Rule 30(b)(6) deposition notice involves "a healthy dose of common sense." *Id.* at 108. *See, e.g. Apple v. Samsung Elecs. Co.*, No. C 11-1846 LHK-PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (229-topic Rule 30(b)(6) notice "render[s] unworkable the obligation of the responding party to make a conscientious, good-faith effort to designate knowledgeable persons . . . and to prepare them to fully and unevasively answer questions about the designated subject matter").

/ / / /

/ / / /

/ / / /

# III.

# DISCUSSION

## A.    3D Systems' Proposed Deposition Topics

3D Systems' Rule 30(b)(6) deposition notice contains thirty-seven topics.  Dkt. No. 773-1.  Intrepid objects to seventeen of those topics and raises two global objections which "apply across the board to 3DS's Topics."  Dkt. No. 773 at 3-19.

### 1.    Global Objections

First, Intrepid objects to all topics "to the extent they call for expert testimony and to the extent it would require Intrepid fact witnesses to address documents that are unavailable to Intrepid personnel under the Protective Order."  Dkt. No. 773 at 3.  Rule 30(b)(6) designees are not required to provide expert testimony, but they must "testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  Whether a topic is more properly addressed by expert testimony as opposed to Rule 30(b)(6) testimony is a question-by-question inquiry that the Court has considered in its evaluation of the specific objections set forth below. To the extent a document is entirely unavailable to Intrepid personnel under the Protective Order, it cannot be said to be "known or reasonably available" to Intrepid, and thus falls outside the scope of Rule 30(b)(6).  This concern is also best addressed on a question-by-question basis and has been incorporated in the Court's findings below.

Second, Intrepid objects to all topics to the extent they "require Intrepid to prepare a witness to testify about 'all facts that…refute' Intrepid's contentions or theories."  Dkt. No. 773 at 3.  3D Systems responds that "[t]he reference to 'refute' is not intended to ask Intrepid's witnesses to identify any facts that refute its theory, but is meant to clarify that 3DS may ask questions about facts that undermine or test the theory . . . ."  *Id.* at 8.  With this clarification as to the meaning of "all facts that refute," the Court does not find that any proposed topic is improper on this basis alone.

/ / / /

/ / / /

4

## 2.    Specific Objections

Intrepid objects to many of 3D Systems' topics on the basis that they are outside the scope of reopened discovery, duplicative, and disproportionate to the needs of the case. As noted above, "[d]etermining whether a Rule 30(b)(6) notice is impermissibly excessive blends the concepts of burdensomeness and proportionality," which "incorporate a healthy dose of common sense." *Alvarado-Herrera*, 344 F.R.D. at 108. The Court finds that the majority of 3D Systems' topics are permissible as written, considering the practical constraints on Rule 30(b)(6) depositions in general and the eight-hour time constraint on this deposition in particular. 3D Systems adequately explains why Topics 1, 2, 3, 4, 9, 18, 27, 28, 29, 30, 31, 32, and 34 are permissible, and the Court overrules Intrepid's objections. These topics are permitted as set forth in 3D System's Notice.

However, the Court finds that Topics 8 and 10 are overbroad as drafted. Topic 8 seeks "all facts concerning [the] destruction" of "any alleged Intrepid trade secret that [Intrepid] contend[s] was shown to Kuester and subsequently used in the PSLA 270, 380," "including… *any documents that would support such facts*." Dkt. No. 773-1 at 7 (emphasis added). While the general topic of inquiry is within the scope of reopened discovery, the requirement that a designee be prepared to testify as to "any documents that would support such facts" is unduly burdensome. Accordingly, Topic 8 is permitted with the removal of "and any documents that would support such facts."

Topic 10 concerns "how the alleged Intrepid trade secrets *or any other confidential information* that you contend was used in the manufacture of the PSLA 270/380 differs from publicly known…techniques." 773-1 at 8. As discussed above, the Court's March 13 Order clarified that the scope of reopened discovery exclusively pertains to the use of two of Intrepid's asserted trade secrets in the development of the PSLA 270 and PSLA 380. Therefore, "any other confidential information" is outside the scope of authorized discovery. Topic 10 is permitted with the removal of "or any other confidential information."

/ / / /

5

**B.    Intrepid's Proposed Deposition Topics**

Intrepid's Rule 30(b)(6) deposition notice contains forty-four topics.  Dkt. No. 773-2.  3D Systems objects to twenty-five of those topics and raises three global objections.  Dkt. No. 773 at 20-53.

**1.    Global Objections**

3D Systems raises three global objections regarding portions of the "Instructions and Definitions" portion of Intrepid's Rule 30(b)(6) notice. First, 3D Systems objects to Intrepid's definition of "PSLA FAMILY OF PRODUCTS," which includes the large format printer discussed by the parties.  Dkt. No. 773-2 at ¶ 4.  Per the Court's March 17 Order, the PSLA family of products is limited to the PSLA 270 and 380 and excludes the large format printer.  Accordingly, 3D System's objection to paragraph four is sustained.

Second, 3D Systems objects to Intrepid's instruction that its topics "include research, feasibility work, precursor development efforts, and internal engineering initiatives relating to multi-projection DLP printing systems that informed or contributed to the PSLA FAMILY OF PRODUCTS, regardless of whether such work occurred before or after the formal initiation of PSLA development."  Dkt. No. 773-2 at  ¶ 7.  3D Systems argues that this exceeds the scope of reopened discovery.  Dkt. No. 773 at 21.  The Court agrees.  The inclusion of all work "that informed or contributed to the PSLA FAMILY OF PRODUCTS" is vague and would open discovery up to include matters far removed from the authorized inquiry into the development of the PSLA 270 and 380. The objection to paragraph seven is sustained.

Third, 3D Systems objects to Intrepid's instruction regarding attorney-client privilege and attorney work product.  Intrepid states that for topics which encompass privileged or information, the topic should be interpreted as seeking confirmation that responsive information exists and is privileged, the basis for the privilege, and any related non-privileged facts.  Dkt. No. 773-2 at ¶ 8.  3D Systems argues that "a lay witness cannot be expected to testify regarding the existence and application of the attorney-client privilege or attorney work product."  Dkt. No. 773 at 22.  Again, the Court agrees. The

objection to paragraph eight is sustained.

### 2.   Specific Objections

#### a.   Overruled Objections

3D Systems objects to multiple topics as outside the scope of reopened discovery. As with Intrepid's objections, the Court finds that many of the topics are appropriate in light of the practical limitations on Rule 30(b)(6) depositions and the time permitted in this case.  Intrepid adequately explains why Topics 1, 6, 7, 9, 11, 13, 14, 17, 20, 21, 24, 26, 29, 30, and 32 are permissible, and the Court overrules 3D Systems' objections. These topics are permitted as set forth in Intrepid's Notice.

#### b.   Sustained Objections

Topic 23 seeks information regarding the "'2-Pack' project," 3D Systems' decision to contract with Visitech, and all "research, engineering work, feasibility studies, prototypes, or internal projects relating to multi-projection printing systems" that took place after the 2-Pack project but before development of the PSLA family of products began. Dkt. 773-2 at 9.  This topic is overbroad and seeks information beyond the two asserted trade secrets described in the Court's March 17 Order.  3D Systems' objection is sustained.

Topics 38 and 39 ask whether 3D Systems agrees with particular contentions by Intrepid and the factual bases for its agreement or disagreement.  Dkt. No. 773-2 at 12.  3D Systems argues that these topics improperly seek its current litigation positions and "is effectively asking a lay witness to apply facts to the law" and would require disclosure of counsel's work product.  Dkt. No. 773 at 45.  The Court agrees.  Leaving aside whether "contention" deposition topics are permissible at all (given that Intrepid's and 3D Systems' notices both contain such topics),[1] requiring 3D Systems' Rule 30(b)(6) designee to testify

---

[1]   *See, e.g., In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2025 WL 470482, at *2 (N.D. Cal. Feb. 12, 2025) (so-called "contention" depositions under Rule 30(b)(6) are objectionable").

21-cv-1141-AGS-DDL

to the reasons why 3D Systems agrees or disagrees with Intrepid's contentions would be unduly burdensome.    Moreover, requiring the designee to, in effect, testify to facts supporting 3D Systems' defense would "make[] it extremely difficult to distinguish between 'facts' (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension." *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *9 (C.D. Cal. Oct. 26, 2016) (quoting *Fidelity Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011)).  The objections to Topics 38 and 39 are sustained.

Topic 40 seeks the factual basis for 3D Systems' contention that "medium-format devices do not compete with large-format devices."  Dkt. 773-2 at 12.  Intrepid argues that this contention is relevant because of 3D Systems' explanation of why it did not disclose information about the PSLA 270 in the initial discovery period.  Dkt. No. 773. While this inquiry may have been relevant to the issue of sanctions, it is not related to the issues authorized in reopened discovery.  The objection to Topic 40 is sustained.

Topic 41 asks "whether, as of January 2021, 3DS believed that the 3D printing market was growing."  Dkt. No. 773-2 at 12.  The Court agrees with 3D Systems that this topic is vague, ambiguous, and not sufficiently tied to the authorized subject of reopened discovery.  Dkt. No. 773 at 48.  The objection to Topic 41 is sustained.

Topics 42, 43, and 44 seek information regarding 3D Systems' process for responding to Intrepid's requests for production.  Dkt. No. 773-2 at 12-14.  These topics constitute irrelevant and unduly burdensome "discovery about discovery." *See Watkins v. Hireright, Inc.,* No. 13CV1432-MMA BLM, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013) (granting a request for a protective order against Rule 30(b)(6) deposition topics, noting that "while Plaintiff is entitled to information relevant to her claims, she is not entitled to a 30(b)(6) deposition on the entire structure of the computer system that generates that information"); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-1305-BAS-DDL, 2022 WL 17824006, at *2 (S.D. Cal. Dec. 19, 2022) ("discovery on discovery . . . generally is warranted only on a showing that a party's production has been insufficient or

deficient") (citation omitted).

### c.      Topics Permitted with Modifications

Two of Intrepid's topics are objectionable as written, but their defects can be cured by minor revisions.  Topic 3 seeks "the nature, extent of involvement, *and the extent and substance of the personal knowledge if any,* of the following individuals in the development of the PSLA FAMILY OF PRODUCTS."  Dkt. No. 773-2 at 5.  The Court agrees with 3D Systems that details regarding the personal knowledge of multiple individuals is beyond the scope of a Rule 30(b)(6) deposition and is unduly burdensome.  Dkt. No. 773.  The Court finds that Topic 3 is permissible with the phrase "and the extent and substance of the personal knowledge if any" removed.

Topic 8 seeks "[t]he factual basis for any contention by 3DS that 3DS developed the PSLA FAMILY OF PRODUCTS independently of *any alleged Intrepid trade secrets*."  Dkt. No. 773-2 at 7.  3D Systems argues that this topic is improper "to the extent it seeks information on more than the two technical trade secrets identified in Intrepid's response to 3D's Interrogatory No. 1."  Dkt. No. 773 at 31.  The Court agrees.  Therefore, Topic 8 is permitted if "any alleged Intrepid trade secrets" is replaced with the two trade secrets identified in the Court's March 17 Order.

### C.      3D System's Fourth Amended Initial Disclosures

The issues raised regarding 3D System's Fourth Amended Initial Disclosures are not properly before the Court and are not considered at this time.

### D.      3D System's Request for a Continuance

3D Systems requests a continuance of the deadline for its Rule 30(b)(6) designee to sit for deposition, from April 17, 2026, to April 23, 2026.  Dkt. 773 at 19.  It explains that the individual best suited to testify is unavailable from April 13 through April 16.  *Id.*  Intrepid does not oppose the request.

The deadline for both Intrepid and 3D Systems to complete their respective Rule 30(b)(6) depositions is continued to **April 23, 2026**.

/ / / /

9

## IV.

## CONCLUSION

For the reasons stated above, the Court **ORDERS:**

1.  The Court overrules Intrepid's objections and permits all of 3D System's proposed topics except for Topics 8 and 10, which are permitted only with the modifications described above.

2. The Court sustains 3D Systems' "global objections" as described above and sustains objections to Intrepid's proposed Topics 23, 38, 39, 40, 41, 42, 43, and 44.  The Court permits Intrepid's Topics 3 and 8 only with the modifications described above. The Court overrules 3D Systems' remaining objections and permits all other topics.

3. By not later than **April 9, 2026**, the parties must serve amended Rule 30(b)(6) notices in accordance with this Order.

4. The parties must complete the Rule 30(b)(6) depositions on or before **April 23, 2026**.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

Hon. David D. Leshner
United States Magistrate Judge

21-cv-1141-AGS-DDL