UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3D SYSTEMS, INC.,

Plaintiff,

v.

Ben WYNNE, et al.,

Defendants.

Case No.: 21-cv-1141-AGS-DDL

**ORDER DENYING REQUEST FOR NON-JURY TRIAL (ECF 805 & 821)**

3D Systems, Inc., and Evan Kuester request a non-jury trial on Intrepid Automation, Inc.'s remaining claims. But "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959). Because they have not made a sufficient showing to overcome that scrutiny, the request is denied.

## DISCUSSION

"The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a); *see also* U.S. Const. amend. VII. There is "no similar [constitutional] requirement [that] protects trials by the court." *Beacon Theatres*, 359 U.S. at 510.

Still, 3D Systems and Kuester argue that the circumstances "mandate a bench trial" for two reasons: (1) Intrepid made "no jury demand" for the only remaining claims in this case—Intrepid's counterclaims and third-party claims; and (2) the parties' "stipulation" "waiving their right to jury trial requires a bench trial." (ECF 805, at 3–4.)

Taking the second argument first, "stipulations" are "binding on the Court only when approved by the judge." CivLR 7.2(a). Because this Court rejected the parties' initial non-jury-trial requests and stipulations (ECF 768; ECF 786), those did not take effect. *See De La Torre v. Legal Recovery Law Off.*, No. 12-cv-2579-LAB-WMC, 2014 WL 4547035, at *2 n.1 (S.D. Cal. Sept. 12, 2014) ("[P]arties cannot bind the Court by stipulations

1

between themselves.").

3D Systems' and Kuester's other argument, that Intrepid never properly made a jury demand, fares no better. When Intrepid removed this case from state court, it properly included a concurrent "demand" for a "trial by jury in this action" under "Federal Rule of Civil Procedure 38(b)." (ECF 1-2, at 2); *see also* Fed. R. Civ. P. 81(c)(3)(B) ("[A] party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after" "it files a notice of removal."). And because Intrepid did not "specify the issues that it wishe[d] to have tried by a jury," it was "considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). No one disputes that this was a proper jury demand. (*See* ECF 821, at 7.)

As 3D Systems and Kuester would have it, though, Intrepid had to "file a separate jury demand with the Court on its [later-filed] counterclaims/third party claims" in addition to that general demand. (ECF 821, at 10.) But they provide no authority in support of that point. To the contrary, courts "indulge every reasonable presumption against waiver of the jury trial right." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) (cleaned up). And "the purpose of Rule 38's demand requirement"—"to inform the Court and counsel well in advance of trial as to the trial method desired"—was fulfilled here as well. *See id.* at 1065.

The Court became aware of Intrepid's desired trial method when Intrepid made its general demand at the time of removal. (*See* ECF 1-2, at 2.) And Intrepid's initial "jury trial demand" was made "in a separate document" that was "set off from the main body of the pleading in order to make [it] readily recognizable," further cutting against any argument that the opposition or the Court was not aware of Intrepid's "desired" "trial method" "well in advance of trial." *See Lutz*, 403 F.3d at 1064–65 (cleaned up). What's more, 3D Systems' and Kuester's own briefing indicates that they, too, were informed of that desired trial method. (*See, e.g.*, ECF 489, at 22 (Kuester's summary-judgment motion arguing that "no reasonable *jury* could find Kuester misappropriated Intrepid's trade secrets" (emphasis added)); ECF 654, at 16 (3D Systems' motion for appellate certification

2

arguing that "all remaining claims can then be heard by a single *jury* in a single trial" (emphasis added)).) These facts suggest that the opposing parties—and the Court—"were aware" of Intrepid's jury-trial request for years.

That third-party defendant Kuester was "not served with [a jury] demand" once added to this lawsuit does not alter this conclusion. (*See* ECF 821, at 10.) 3D Systems and Kuester provide no authority suggesting that parties seeking a jury must renew that demand whenever successively named parties are added to a lawsuit. Amended complaints, even if they add counterclaims or third-party claims, do not reset the jury-trial slate—those later filings "do not" "start[] again the time to ask for a jury." *See Lutz*, 403 F.3d at 1066. Instead, once "a party properly files a jury demand under the requirements of Rule 38(b), he has satisfied all that is required by the Rules to avoid waiver." *Solis v. County of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008). Intrepid did just that upon removal by making its request clear to the Court and opposition at the time. Nothing requires it to again file a demand upon later-named Kuester—who shares counsel with 3D Systems and took this lawsuit subject to the general jury demand.

3D Systems and Kuester also assert that a jury trial is inappropriate "because Intrepid's claims do not embrace the same issues and do not rely on the same matrix of facts as 3DS's claims against Intrepid." (ECF 821, at 12.) But that analysis only comes into play when one party is trying to rely on *another party's* jury demand. *See California Scents v. Surco Prods.*, 406 F.3d 1102, 1103–04 (9th Cir. 2005) (engaging in that analysis when plaintiff "did not demand a jury trial" in its "complaint" but still argued it was due such a trial because it "reasonably relied" on defendant's answer, which "did demand a jury trial 'as to all counterclaims'"). Because Intrepid properly demanded a jury trial, there's no need to engage in a "matrix of facts" analysis. But even if that analysis were required, 3D Systems' previous briefing undercuts its arguments here. In its motion for Rule 54(b) appellate certification, for example, 3D Systems argued that "there is substantial factual overlap" between its own "misappropriation claims and Intrepid's counterclaims," so much so that the "facts" are "inextricably linked." (ECF 654, at 8–9.) In other words, a "matrix

3

of facts" analysis would not preclude a jury trial.

Nor do the Federal Rules of Civil Procedure call for a different result. They *permit* the Court to accept non-jury-trial requests, but they do not *require* it. When "a jury trial has been demanded under Rule 38," a jury is *mandatory* unless "the parties or their attorneys file a stipulation to a nonjury trial." Fed. R. Civ. P. 39(a)(1). Even after such a stipulation, however, the ability to withdraw a jury request is merely permissive. *See* Fed. R. Civ. P. 38(d) (allowing that a "proper demand *may* be withdrawn" (emphasis added)). Because the jury demand here was followed by a joint stipulation to a judge-only trial (*see* ECF 711; ECF 778), a jury is no longer mandatory. But the Rules and the Seventh Amendment both favor factual determinations by juries. Thus, courts should err on the side of jury trials. The request for a non-jury trial did not survive this Court's jury-trial-protecting "scrutin[y]" before, nor does it now. *See Beacon Theatres*, 359 U.S. at 501; (ECF 786).

Finally, 3D Systems and Kuester assert that a bench trial is more appropriate here because it would lessen the burden on this Court by saving it "time and resources," and the claims involve "complex trade secret disputes regarding 3D-printing technology." (*See* ECF 805, at 3, 6–7.) Yet the court-related factors seem to weigh in favor of the constitutionally protected jury right. As 3D Systems and Kuester admit, a bench trial here would still involve adjudicating "extensive motion in limine filings," so that consideration is neutral. (*See id.* (referencing ECF 716–720; ECF 724–727; ECF 730).) And the post-trial requirement that "the court must find the facts specially and state its conclusions of law separately" increases the Court's burden. *See* Fed. R. Civ. P. 52(a)(1). Those post-trial determinations would inevitably delay the case's resolution, further cutting in favor of a jury trial. *See* Fed R. Civ. P. 1 (encouraging "the just, speedy, and inexpensive determination of every action and proceeding"). And as for the "complexity" of the issues (ECF 805, at 3), this Court "decline[s]" the "invitation" "to employ an inquiry into the practical abilities and limitations of a jury as a test for determining the application of the Seventh Amendment," *see In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 425 (9th Cir. 1979).

In sum, the request for a non-jury trial is **DENIED**. The unopposed request for judicial notice of other district court filings (ECF 805-1) is granted.

Dated:  June 15, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

5

21-cv-1141-AGS-DDL