# Exhibit 10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3D SYSTEMS, INC., a California Corporation;<br>Plaintiff,<br>v.<br>BEN WYNNE, an individual; CHRIS TANNER, an individual; JAMIE ETCHESON, an individual; ROBERT MUELLER, an individual; IVAN CHOUSAL, an individual; INTREPID AUTOMATION, a California Corporation; and DOES 1 through 20, inclusive,<br>Defendants. | Case No.: 3:21-cv-01141-AGS-DDL<br><br>**INTREPID'S PROPOSED JURY INSTRUCTIONS**<br><br>**Hon. Andrew G. Schopler**<br>**Courtroom 5C** |
| INTREPID AUTOMATION,<br>Counter-Claimant,<br>v.<br>3D SYSTEMS, and DOES 1-50, inclusive,<br>Counter-Defendant. | |
| INTREPID AUTOMATION,<br>Third Party Claimant,<br>v.<br>EVAN KEUSTER, and ROES 1-50, inclusive,<br>Third Party Defendant. | |

## I. PRELIMINARY INSTRUCTIONS

**Proposed Instruction No. ____: Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.[1]

[1] Model Civil Jury Instruction 1.2.

**Proposed Instruction No. ____: Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Intrepid asserts that Evan Kuester breached a non-disclosure agreement with Intrepid. Intrepid also claims that 3DS and Kuester misappropriated the following information which Intrepid asserts are trade secrets: (i) information regarding the DLP Multiprojection Test Bed, a machine with six projectors that successfully demonstrated Intrepid's edge-blending technology and multiprojection calibration techniques for use in 3D printing; and (ii) information regarding the In-Process Development of the Valkyrie 3D printer.

The plaintiff has the burden of proving these claims.

(The defendant) Defendants (denies) deny those claims. ([and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]])

([The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].])[2]

[2] Adopted from Model Civil Jury Instruction 1.5.

**Proposed Instruction No. ____: Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim ([or affirmative defense]) by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim ([or affirmative defense]) is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.[3]

[3] Model Civil Jury Instruction 1.6.

**Proposed Instruction No. ____: What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I [may instruct] [have instructed] you to accept as proved.[4]

[4] Model Civil Jury Instruction 1.9.

**Proposed Instruction No. ____: What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.[5]

[5] Model Civil Jury Instruction 1.10.

**Proposed Instruction No. ____: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.[6]

[6] Model Civil Jury Instruction 1.11.

**Proposed Instruction No. ____: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.[7]

[7] Model Civil Jury Instruction 1.12.

**Proposed Instruction No. ____: Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.[8]

[8] Model Civil Jury Instruction 1.13.

**Proposed Instruction No. ____: Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.[9]

[9] Model Civil Jury Instruction 1.14.

**Proposed Instruction No. ____: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and

how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and

if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings ([, and a mistrial could result, requiring the entire trial process to start over]). If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.[10]

[10] Model Civil Jury Instruction 1.15.

**Proposed Instruction No. ____: Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.[11]

[11] Model Civil Jury Instruction 1.16.

**Proposed Instruction No. ____: No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.[12]

[12] Model Civil Jury Instruction 1.17.

**Proposed Instruction No. ____: Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.[13]

[13] Model Civil Jury Instruction 1.18.

**Proposed Instruction No. ____: Questions to Witnesses by Jurors During Trial[14]**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. ( *[Specific reasons for not allowing jurors to ask questions may be explained.*]) If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

[14] Model Civil Jury Instruction 1.19, Option No. 1

**Proposed Instruction No. ____: Bench Conferences and Recesses**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.[15]

[15] Model Civil Jury Instruction 1.29

**Proposed Instruction No. ____: Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, counsel for the defendants may cross-examine, and plaintiff may then examine the witness.

Then the defendant may present evidence, counsel for the plaintiff may cross-examine, and defendant may then examine the witness.

Then the plaintiff may present additional evidence, and counsel for the defendants may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.[16]

[16] Model Civil Jury Instruction 1.21

## II. INSTRUCTIONS IN THE COURSE OF TRIAL

**Proposed Instruction No. ____: Cautionary Instructions**

***At the End of Each Day of the Case:***

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

***At the Beginning of Each Day of the Case:***

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.[17]

[17] Model Civil Jury Instruction 2.0 (Alternative 1).

**Proposed Instruction No. ____: Stipulations of Fact**[18]

The parties have agreed to certain facts ([to be placed in evidence as Exhibit ]) that will be read to you. You must therefore treat these facts as having been proved.

[18] Model Civil Jury Instruction 2.2

**Proposed Instruction No. ____: Judicial Notice (If Applicable)**[19]

The court has decided to accept as proved the facts that:

1. On May 19, 2021, 3DS sued Intrepid and its founders for, among other things, misappropriation of 3DS's alleged trade secret in DLP multiprojection edge-blending and projector calibration techniques and breach of the confidentiality and non-disclosure agreement in Intrepid's founders' employment agreement(s) with 3DS.

2. On September 1, 2022, Intrepid filed counterclaims against 3DS and third-party claims against Kuester alleging, among other things, that Kuester breached an NDA with Intrepid and that 3DS and Kuester misappropriated Interpid's trade secret, including in the in-process development of the Valkyrie 3D printer.

3. On March 20, 2025, the Court dismissed 3DS's trade secret misappropriation claims against Intrepid and its founders, finding that 3DS had failed to carry its burden to sufficiently identify any trade secret and show that it exists, further, the Court dismissed 3DS's breach of contract claim finding that the confidentiality and non-disclosure agreement(s) were not enforceable and/or inapplicable.

You must accept these facts as true.

[19] Model Civil Jury Instruction 2.3

**Proposed Instruction No. ____: Deposition in Lieu of Live Testimony[20]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

(The deposition of [*name of witness*] was taken on [*date*].) Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

[20] Model Civil Jury Instruction 2.4

**Proposed Instruction No. ____: Use of Interrogatories[21]**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

[21] Model Civil Jury Instruction 2.11

**Proposed Instruction No. ____: Use of Requests for Admission (If Applicable)[22]**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

[22] Model Civil Jury Instruction 2.12

**Proposed Instruction No. ____: Expert Opinion Testimony[23]**

You [have heard] [are about to hear] testimony from [*names of experts*] who [testified] [will testify] about ([his or her]) their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of (this) these (witness) witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the (witness's) witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

[23] Model Civil Jury Instruction 2.13

**Proposed Instruction No. ____: <u>Charts and Summaries Not Received in Evidence</u>[24]**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

[24] Model Civil Jury Instruction 2.14

**Proposed Instruction No. ____: Charts and Summaries Received in Evidence[25]**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

[25] Model Civil Jury Instruction 2.15

**Proposed Instruction No. ____: <u>Party Having Power to Produce Better Evidence</u>[26]**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

[26] CACI 203

**Proposed Instruction No. ____: <u>Failure to Call Available Witness</u>**[27]

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

[27] 3 Fed. Jury Prac. & Instr. § 104:25.

## III. INSTRUCTIONS AFTER TRIAL

**Proposed Instruction No. ____: Duty to Deliberate**[28]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.

Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[28] Model Civil Jury Instruction 3.1

**Proposed Instruction No. ____: Consideration of Evidence—Conduct of the Jury[29]**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other

[29] Model Civil Jury Instruction 3.2

devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Proposed Instruction No. ____: Communication with Court**[30]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[30] Model Civil Jury Instruction 3.3

**Proposed Instruction No. ____: Return of Verdict**[31]

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

[31] Model Civil Jury Instruction 3.5

**Proposed Instruction No. ____: Corporations and Partnerships—Fair Treatment**[32]

All parties are equal before the law and a corporation ([partnership]) is entitled to the same fair and conscientious consideration by you as any party.

[32] Model Civil Jury Instruction 4.1

**Proposed Instruction No. ____: Liability of Corporations—Scope of Authority Not in Issue[33]**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

[33] Model Civil Jury Instruction 4.2

**Proposed Instruction No.___: Breach of Contract—Introduction**[34]

Intrepid claims that it and Evan Kuester entered into a Non-Disclosure Agreement.

Intrepid claims that Kuester breached this contract by disclosing to 3DS confidential information of Intrepid.

Intrepid also claims that Kuester's breach of this contract caused harm to Intrepid for which Kuester should pay.

Kuester denies these claims.

[34] CACI 300.

**Proposed Instruction No.___: Breach of Contract—Essential Factual Elements)**[35]

To recover damages from Kuester for breach of contract, Intrepid must prove all of the following:

1. That Intrepid and Kuester entered into a contract;

2. That Intrepid did all, or substantially all, of the significant things that the contract required it to do;

([or]

[2. That [*name of plaintiff*] was excused from having to [*specify things that plaintiff did not do, e.g., obtain a guarantor on the contract*];]

[3. That [*specify occurrence of all conditions required by the contract for [name of defendant]'s performance, e.g., the property was rezoned for residential use*];]

[3. [or]

[3. That [*specify condition(s) that did not occur*] [was/were] [waived/ excused];]

[4. That [*name of defendant*] failed to do something that the contract required [him/her/*nonbinary pronoun*/it] to do;]

[4. [*or*])

[35] CACI 303.

(4.) <u>3. That Intrepid provided Kuester with Intrepid's confidential information and business plans in furtherance of Kuester's alleged interest in employment with Intrepid</u>;

4. That Kuester did something that the contract prohibited him from doing;

5. That Intrepid was harmed; and

6. That Kuester's breach of contract was a substantial factor in causing Intrepid's harm.

**Proposed Instruction No. ______: Introduction to Contract Damages** [36]

If you decide that Intrepid has proved its claim against Kuester for breach of contract, you must decide how much money will reasonably compensate Intrepid for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Intrepid in as good a position as it would have been had Kuester performed as promised.

To recover damages for any harm, Intrepid must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of contract.

Intrepid must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

---

[36] CACI 350.

**Proposed Instruction No. ______: Special Damages (Breach of Contract Claim)** [37]

Intrepid claims damages for loss of its business expectancy from its commercial relationship with SpaceX.

To recover for this harm with respect to its breach of contract, Intrepid must prove that when the parties made the contract, Kuester knew or reasonably should have known of the special circumstances leading up to the harm.

[37] CACI 351.

**Proposed Instruction No. ______: Misappropriation of Trade Secrets—Essential Factual Elements**[38] [39]

Now I will instruct you on the elements of Intrepid's claims for trade secret misappropriation.

Intrepid claims that 3DS and Kuester misappropriated its trade secrets. To succeed on this claim, Intrepid must prove all of the following:

1. That Intrepid owned (/was a licensee of] [the following:) the following information which Intrepid asserts are trade secrets: (i) information regarding the DLP Multiprojection Test Bed, a machine with six projectors that successfully demonstrated Intrepid's edge-blending technology and multiprojection calibration techniques for use in 3D printing; and (ii) information regarding the In-Process Development of the Valkyrie 3D printer ([ *describe each item claimed to be a trade secret that is subject to the misappropriation claim*];)

2. That this information was a trade secret at the time of the misappropriation;

3. That 3DS and/or Kuester improperly acquired or used or disclosed the trade secrets;

4. That Intrepid was harmed or that 3DS and/or Kuester were unjustly enriched; and

5. That 3DS's and/or Kuester's acquisition or use or disclosure was a substantial factor in causing Intrepid's harm or 3DS and/or Kuester to be unjustly enriched.

---

[38] The elements of a claim of trade-secret misappropriation under the California Uniform Trade Secrets Act are "substantially similar" to those under the Defend Trade Secrets Act, except the "interstate commerce" element does not apply. *InteliClear, LLC v. Etc Global Holdings, Inc.*, 978 F.3d 653, 657 (2020).

[39] CACI 4401.

In deciding whether the first and second elements have been proven, you should refer to Instructions __, __, and __. In deciding whether the third element has been proven, you should refer to Instructions __, ___, and __. In deciding whether the fourth and fifth elements have been proven, you should refer to Instructions __, ___, and __.

**Proposed Instruction No.______: Trade Secrets**[40]

A trade secret may take many forms, including all forms and types of financial, business, scientific, technical, economic, or engineering information. A trade secret may include patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes. A trade secret may be tangible or intangible. A trade secret does not have to be stored, compiled, or memorialized. But if it is, it does not have to be stored, compiled, or memorialized in any particular manner, such as physically, electronically, graphically, photographically, or in writing.

Intrepid claims that 3DS and Kuester misappropriated the following trade secret:

The plaintiff asserts that Evan Kuester breached a non-disclosure agreement with Intrepid. Intrepid also claims that 3DS and Kuester misappropriated Intrepid's asserted trade secrets: (i) information regarding the DLP Multiprojection Test Bed, a machine with six projectors that successfully demonstrated Intrepid's edge-blending technology and multiprojection calibration techniques for use in 3D printing; and (ii) information regarding the In-Process Development of the Valkyrie 3D printer

To prove that the information was trade secret, Intrepid must demonstrate:

1. That the information was secret;

2. That the information had actual or potential independent economic value because it was secret; and

3. That Intrepid made reasonable efforts to keep the information secret.

[40] CACI 4402; 18 U.S.C. § 1839; 11th Cir. Model Instr.

**Proposed Instruction No.______: Secrecy**[41]

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Intrepid's use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.

[41] CACI 4403.

**Proposed Instruction No.______: Reasonable Efforts to Protect Secrecy**[42]

To establish that the information is trade secret, Intrepid must prove that it made reasonable efforts under the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Intrepid, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Intrepid claims to be a trade secret.

In determining whether or not Intrepid made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

([a. Whether documents or computer files containing the information were marked with confidentiality warnings;])

b. Whether Intrepid instructed its employees to treat the information as confidential;

c. Whether Intrepid restricted access to the information to persons who had a business reason to know the information;

d. Whether Intrepid kept the information in a restricted or secured area;

e. Whether Intrepid required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

f. Whether Intrepid took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

---

[42] CACI 4404.

g. The extent to which any general measures taken by Intrepid would prevent the unauthorized disclosure of the information; <u>and</u>

[h. Whether there were other reasonable measures available to Intrepid that it did not take.]

([i. *Specify other factor(s).*])

The presence or absence of any one or more of these factors is not necessarily determinative.

**Proposed Instruction No.______: Independent Economic Value**[43]

Information has independent economic value if it gives the owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.

In determining whether information had actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Intrepid obtained or could obtain economic value from the information in keeping it secret;

(b) The extent to which others could obtain economic value from the information if it were not secret;

(c) The amount of time, money, or labor that Intrepid expended in developing the information; and

(d) The amount of time, money, or labor that would be saved by a competitor who used the information.

([e. *Insert other applicable factor(s).*])

The presence or absence of any one or more of these factors is not necessarily determinative.

[43] CACI 4412.

**Proposed Instruction No.______: Misappropriation by Acquisition**[44]

Defendants misappropriated Intrepid's trade secret by acquisition if they acquired the trade secret and knew or had reason to know that they used improper means to acquire them.

[44] CACI 4405.

**Proposed Instruction No.______: Misappropriation by Disclosure**[45]

Defendants misappropriated Intrepid's trade secret by disclosure if they

1. disclosed them without Intrepid's consent; and

2. did any of the following:

([insert one or more of the following:])

acquired knowledge of the trade secret by improper means; or

(at the time of disclosure, knew or had reason to know that its knowledge of Intrepid's trade secret came from or through Kuester, and that Kuester had previously acquired the trade secret by improper means; or)

at the time of disclosure, knew or had reason to know that its knowledge of Intrepid's trade secret was acquired under a Non-Disclosure Agreement, which created a duty to keep the information secret; or

at the time of disclosure, knew or had reason to know that its knowledge of Intrepid's trade secret came from or through Kuester, and that Kuester had a duty to Intrepid to keep the information secret.

([before a material change of [his/her/nonbinary pronoun/its] position, knew or had reason to know that [it was/they were] [a] trade secret[s] and that knowledge of [it/them] had been acquired by accident or mistake.])

[45] CACI 4406.

**Proposed Instruction No.______: Misappropriation by Use**[46]

Defendants misappropriated Intrepid's trade secret by use if they

1. used them without Intrepid's consent; and

2. did any of the following:

acquired knowledge of the trade secret by improper means; or

(at the time of use, knew or had reason to know that its knowledge of Intrepid's trade secret came from or through Kuester, and that Kuester had previously acquired the trade secret by improper means; or)

at the time of use, knew or had reason to know that its knowledge of Intrepid's trade secret was acquired under circumstances creating a legal obligation to limit use of the information; or

at the time of use, knew or had reason to know that its knowledge of Intrepid's trade secret came from or through Kuester, and that Kuester had a duty to Intrepid to limit use of the information.

([before a material change of [his/her/nonbinary pronoun/its] position, knew or had reason to know that [it was/they were] [a] trade secret[s] and that knowledge of [it/them] had been acquired by accident or mistake.])

[46] CACI 4407.

**Proposed Instruction No.______: Improper Means of Acquiring Trade Secret**[47]

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, ([theft/bribery/) misrepresentation/breach or inducing a breach of a duty to maintain secrecy(/[or] wiretapping, electronic eavesdropping, [or] [insert other means of espionage]]).

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

1. Independent efforts to invent or discover the information;

2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;

3. Obtaining the information as a result of a license agreement with the owner of the information;

4. Observing the information in public use or on public display; or

5. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

---

[47] CACI 4408.

**Proposed Instruction No.______: Interstate Commerce (If Necessary)[48]**

To prevail on its misappropriation of trade secret claim under the Defend Trade Secrets Act, Intrepid must demonstrate that its trade secret relates to a product or service used in, or intended for use in, interstate or foreign commerce.

Use or intended use of the product or service in interstate commerce means that the product or service involves travel, trade, transportation, or communication between a place in one state and a place in another state. Use of the product or service in foreign commerce means that the product or service involves travel, trade, transportation, or communication between a place in the United States and a place outside of the United States.

[48] 11th Cir. Model Instr.

**Proposed Instruction No.______: Trade Secret Compensatory Damages**[49]

If you decide that Intrepid has proved its trade secret misappropriation claims against 3DS and/or Kuester, then you must also decide how much money will reasonably compensate Intrepid for the harm. It is for you to determine what damages, if any, have been proven. Your award, if any, must be based upon evidence and not on speculation, guesswork or conjecture.

You can find that Intrepid should be awarded damages only if 3DS's and/or Kuester's actions were a substantial factor in bringing about the damages. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor.

Intrepid is seeking compensatory damages under two alternative theories. First, Intrepid seeks damages for its actual loss and defendants' unjust enrichment. Second, in the alternative, Intrepid seeks damages in the form of a reasonable royalty.

[49] Closing Jury Instructions, ECF No. 391, *Comet Techs. USA Inc. et al. v. XP Power LLC*, Case No. 5:20-cv-06408-NC (N.D. Cal.)

**Proposed Instruction No.______: Lost Profits (Actual Loss)[50]**

To recover damages for lost profits, Intrepid must prove it is reasonably certain it would have earned profits but for 3DS's and/or Kuester's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Intrepid would have received but for 3DS's and/or Kuester's conduct and then subtract from that amount the expenses [including the value of all expenses] Intrepid would have had if 3DS's and/or Kuester's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

---

[50] CACI 3903N.

**Proposed Instruction No.______: Unjust Enrichment**[51]

Defendants were unjustly enriched if its misappropriation of Intrepid's trade secret caused Defendants to receive a benefit that they otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of Defendants' benefit that would not have been achieved except for its misappropriation. Then subtract from that amount Defendants' reasonable expenses, including the value of the labor, materials, rents, and interest on invested capital. Intrepid must establish the value of the Defendants' sales that would not have been achieved except for Defendants' misappropriation; Defendants must establish the amount of their reasonable expenses.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Intrepid's actual loss.

[51] CACI 4410; Restatement (Third) of Unfair Competition § 45; *see also Monster Energy Co. v. Vital Pharms., Inc.*, Case No. EDCV 18-1882, 2023 WL 8168854 at *11 (C.D. Cal. Oct. 6, 2023) (adopting the Restatement (Third) of Unfair Competition § 45 for calculation of unjust enrichment); *Masimo Corp. v. Apple Inc.*, Case No. SA CV 20-00048, 2023 WL 3432167 at *10 (C.D. Cal. May 4, 2023) (same).

**Proposed Instruction No.______: Reasonable Royalty**[52]

As an alternative to damages in the form of actual loss and unjust enrichment, you may award Intrepid compensatory damages for trade secret misappropriation in the form of a reasonable royalty. If you find that a reasonable royalty should be awarded to Intrepid for trade secret misappropriation by Defendants, you may determine the amount of the royalty.

Generally speaking, a reasonable royalty is defined as the reasonable amount that someone wanting to use a trade secret or other protected intellectual property should expect to pay the owner, and the owner should expect to receive, for its use, calculated from the time of the misappropriation to the date of your verdict. Said another way, a reasonable royalty aims to calculate what the parties would have agreed to as a fair licensing price at a time just before the alleged misappropriation occurred.

In this case, the reasonable royalty is the payment that would have resulted from a hypothetical negotiation between Intrepid and Defendants. You should focus on what the expectations of the parties would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. You must also assume that both parties believed the information allegedly misappropriated was lawfully protected, and that it was improperly acquired, used, or disclosed by Defendants. In addition, you must assume that the parties were willing to enter into an agreement.

The measure of damages is the royalty that would have resulted from this hypothetical negotiation, and not simply what royalty either party would have preferred. You should assume that Intrepid and Defendants knew at that time such

[52] Closing Jury Instructions, ECF No. 391, *Comet Techs. USA Inc. et al. v. XP Power LLC*, Case No. 5:20-cv-06408-NC (N.D. Cal.)

things as the level of sales and profits that Defendants would make using the intellectual property, the research and development cost-savings Defendants would avoid using the intellectual property, and the sales and profits that Intrepid would lose as a result of Defendants' use of Intrepid's intellectual property. You should also assume that Intrepid was willing to grant Defendants a license to use its protected intellectual property and that Defendants were willing to pay for that license.

In deciding what is a reasonable royalty, you may consider the factors that Intrepid would consider in setting the amount Defendants would pay. I will list for you a number of factors which you may consider. This is not intended as an exclusive list of the factors which you may consider, although it will give you an idea of the kinds of things to consider in setting a reasonable royalty. Among the factors which you may find relevant are the following:

1) The resulting and foreseeable change in the parties' competitive posture;

2) The prices past purchasers or licensees of the trade secret may have paid;

3) The total value of the secret to Intrepid, including the Intrepid's development costs and the importance of the secret to Intrepid's business;

4) The nature and extent of the use Defendants intended for the secret; and finally,

5) Whatever other unique factors in a particular case which might have affected the parties' agreement.

**Proposed Instruction No.______: Prejudgment Interest**[53]

If you decide that Intrepid is entitled to recover damages for past economic loss in one or more of the categories of damages that they claim for trade secret misappropriation, then you must decide whether they should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Intrepid should receive an award of prejudgment interest on all, some, or none of any past economic damages for trade secret misappropriation that you may award is within your discretion. If you award these damages to Intrepid you will be asked to identify on your verdict form the date from which prejudgment interest should be calculated. [prejudgment interest in the total award on your special verdict form]

[53] CACI 3935; Cal. Civ. Code, § 3288.

**Proposed Instruction No.______: Punitive Damages for Willful and Malicious Misappropriation**[54]

If you find for Intrepid on its trade secrets claims, you may, but are not required to, assess additional punitive damages against Defendants. The purposes of punitive damages are to punish Defendants for their conduct and to deter Defendants and others from engaging in similar conduct in the future.

In order for Intrepid to recover punitive damages, you must find that Intrepid has proved that Defendants' act of trade secret misappropriation were willful and malicious. "Willful" means that Defendants acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith. Conduct is "malicious" if it is accompanied by ill will or spite, or if it is done for the purpose of injuring Intrepid.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

1. The reprehensibility of the conduct;
2. The impact of the conduct on Intrepid;
3. The relationship between Intrepid and Defendants;
4. Defendants' financial condition;

---

[54] Closing Jury Instructions, ECF No. 391, *Comet Techs. USA Inc. et al. v. XP Power LLC*, Case No. 5:20-cv-06408-NC (N.D. Cal.)

5. The likelihood that such conduct would be repeated by Defendants or others if an award of punitive damages is not made; and

6. The relationship of any award of punitive damages to the amount of actual harm that Intrepid suffered.

If you find that Defendants acted willfully and maliciously, you may award Intrepid an amount of exemplary damages up to two times the total amount of the compensatory damages you award Intrepid for trade secret misappropriation.

DATED: July 1, 2026

**MILLER JOHNSON / IRWIN IP**

By: */s/ Jeffrey Catalano*
Jeffrey J. Catalano
Robyn M. Bowland
Alexander S. Bennett

DATED: July 1, 2026

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ Anne S. Potiker
Sean M. Monks, Esq.
Anne S. Potiker, Esq.

Attorneys for Defendant/Counter-Claimant/Third Party Claimant INTREPID AUTOMATION