# Exhibit 13

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3D SYSTEMS, INC., a California Corporation;<br>Plaintiff,<br>v.<br>BEN WYNNE, an individual; CHRIS TANNER, an individual; JAMIE ETCHESON, an individual; ROBERT MUELLER, an individual; IVAN CHOUSAL, an individual; INTREPID AUTOMATION, a California Corporation; and DOES 1 through 20, inclusive,<br>Defendants. | Case No.: 3:21-cv-01141-AGS-DDL<br><br>**3D SYSTEMS' AND EVAN KUESTER'S PROPOSED VERDICT FORM**<br><br>**Hon. Andrew G. Schopler**<br>**Courtroom 5C** |
| INTREPID AUTOMATION,<br>Counter-Claimant,<br>v.<br>3D SYSTEMS, and DOES 1-50, inclusive,<br>Counter-Defendant. | |
| INTREPID AUTOMATION,<br>Third Party Claimant,<br>v.<br>EVAN KEUSTER, and ROES 1-50, inclusive,<br>Third Party Defendant. | |

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.[1]

*Please answer Question 1 and then follow the italicized instructions after each question. All references to the "Alleged Trade Secrets" below, refer to the Alleged Trade Secrets as defined in Instruction No. ___ of the Jury Instructions given to you by the Court.*

Misappropriation of Trade Secrets

**Question 1: Has Intrepid proven by a preponderance of the evidence that any of the Alleged Trade Secrets below are related to a product or service used in, or intended for use in, interstate or foreign commerce?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Specific information about the in-development Valkyrie | ______ Yes ______ No |

*Please proceed to Question No. 2*

[1] 3DS and Kuester renew their objection to the case proceeding as a jury trial for the reasons set forth in prior briefing before the Court and nothing herein should be construed as a waiver of that position.

**Question 2: Has Intrepid proven by a preponderance of the evidence that it is the owner of the following information it claims to be a trade secret?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Specific information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 2 a), b) or c), please proceed to Question 3 for those Alleged Trade Secrets only. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim).*

**Question 3: Has Intrepid proven by a preponderance of the evidence that any of the information for which you answered "YES" in the prior question was secret at the time of the alleged misappropriation?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 3 a), b) or c), please proceed to Question 4 for those Alleged Trade Secrets only. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim).*

**Question 4: Has Intrepid proven by a preponderance of the evidence that any of the information for which you answered "YES" in the prior question had actual or potential independent economic value because it was secret?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 4a), b) or c) above, please proceed to Question 5 for those Alleged Trade Secrets only. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim)*

**Question 5: Has Intrepid proven by a preponderance of the evidence that it made reasonable efforts under the circumstances to keep secret the information for which you answered "YES" in the prior question?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 5a), b) or c) above, please proceed to Question 6. If you answered "NO" to Question No. 1, skip question 6a) and only answer Question 6b) for those Alleged Trade Secrets that you answered "YES" to in Question 5a), b) and/or c). If you answered "YES" to Question No. 1, then answer both Questions 6a and 6b only for those Alleged Trade Secrets you answered "YES" to in Question 5a), 5b) and/or 5c). If you answered "NO" to 5a), b) and c), please proceed to Question 13 (breach of contract claim).*

**Question No. 6(a): Has Intrepid proven by a preponderance of the evidence that, under the DTSA, the Alleged Trade Secrets were *not* readily ascertainable by proper means at the time of the alleged misappropriation?**

| **Alleged Trade Secret** | **DTSA** |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

**Question 6(b): Have Defendants proven by a preponderance of the evidence that, under CUTSA, the Alleged Trade Secrets could have been readily ascertainable by proper means (regardless of whether they actually were) at the time of the alleged misappropriation?**

| **Alleged Trade Secret** | **CUTSA** |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 6a), b) or c) above, please proceed to Question 7 and answer Questions 7a and 7b for those Alleged Trade Secrets only. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13(breach of contract claim).*

**Question 7a: Has Intrepid proven by a preponderance of the evidence that Mr. Kuester acquired or disclosed by improper means any of the information for which you answered "YES" in Question 6a or 6b?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

**Question 7b: Has Intrepid proven by a preponderance of the evidence that 3D Systems acquired or used by improper means any of the information for which you answered yes in Question 6a or 6b?**

| **Alleged Trade Secret** | |
|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes ______ No |
| b) Edge-blending | ______ Yes ______ No |
| c) Information about the in-development Valkyrie | ______ Yes ______ No |

*If you answered "YES" to one or more of 7a or 7b above, please proceed to Question 8 for those Alleged Trade Secrets only. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim)*

**Question 8: If you answered "YES" to any part of Question 7, has Intrepid proven by a preponderance of the evidence that it was harmed by the misappropriation?**

Yes _______ No _______

*If you answered "YES" in response to Question 8, please proceed to Question 9 and answer Questions 9a and 9b. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim)*

**Question 9a: If you answered "yes" to any part of Question 8, has Intrepid proven by a preponderance of the evidence that Mr. Kuester's improper acquisition or disclosure was a substantial factor in causing Intrepid harm to Intrepid?**

Yes _______ No _______

**Question 9b: If you answered "yes" to any part of Question 8, has Intrepid proven by a preponderance of the evidence that 3D System's improper acquisition or disclosure was a substantial factor in causing Intrepid harm or 3D Systems to be unjustly enriched?**

Yes _______ No _______

*If you answered "YES" to 9a or 9b, please proceed to Question 10 and answer Questions 10a and 10b. If you answered "NO" to all of the above Alleged Trade Secrets, please proceed to Question 13 (breach of contract claim)*

**[Question 10a: What is the dollar amount of lost profits to Intrepid caused by 3DSystems and/or Kuester and/or unjust enrichment to 3D Systems that Intrepid has proven by a preponderance of the evidence?**

$____________________

**Of the total entered above, how much is for:**

Lost Profits to Intrepid: $____________

Unjust enrichment to 3D Systems: $__________]

*[If you entered zero in response to question 10a asking for the total,] proceed to Question 10b. If you answered some amount in response to question 10a asking for the total, proceed to Question 11.*[2]

**[Question 10b: [If you entered 0 in response to question 10a,] what amount did Intrepid prove by a preponderance of evidence as a reasonable royalty for 3DS's misappropriation of the Alleged Trade Secrets?[3]]**

$_____________________]

*Proceed to Question 11.*

---

[2] Under CUTSA, 3DS and Kuester reserve the right to assert the exclusion of actual loss, unjust enrichment and/or reasonable royalty instructions and verdict form questions based on the course of trial. *See Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514 (1997) ("the imposition of a reasonable royalty is reserved for those instances where the court finds that neither actual damages to the holder of the trade secret nor unjust enrichment to the user are provable."); *Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619 (1999) (holding that "a trade secret plaintiff can recover a reasonable royalty only when both actual damages and unjust enrichment are unprovable.")

[3] 3DS reserves the right to object to the question of reasonable royalty damages being submitted to the jury under CUTSA. *See Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*, 545 F. App'x 600, 601 (9th Cir. 2013) (citing Cal. Civ. Code § 3426.3(b)); *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1308 (2010); *Applied Medical Dist. Corp. v. Jarrels*, 100 Cal. App. 5th 556 (Cal. Ct. App. Mar. 8, 2024).

**Question 11: Has Intrepid proven by clear and convincing evidence that 3D Systems willfully and maliciously misappropriated one or more of Intrepid's trade secrets?**

Yes _______ No _______

*Proceed to Question 12.*

**Question 12: Has Intrepid proven by clear and convincing evidence that Mr. Kuester willfully and maliciously misappropriated one or more of Intrepid's trade secrets?**

Yes _______ No _______

*Proceed to Question 13.*

**Breach of Contract Against Evan Kuester**

**Question 13: Were the contract terms clear enough so that the parties could understand what each was required to do?**

Yes _______ No _______

*If your answer to question 13 is "YES", then answer question 14. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 14: Did the parties agree to give each other something of value?**

Yes _______ No _______

*If your answer to question 14 is "YES", then answer question 15. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 15: Did the parties agree to the terms of the contract?**

Yes _______ No _______

*If your answer to question 15 is "YES", then answer question 16. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 16: Did Intrepid do all, or substantially all, of the significant things that the contract required it to do?**

Yes _______ No _______

*If your answer to question 16 is "YES", answer question 17. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date the form.*

**Question 17: Was Mr. Kuester excused from having to do all, or substantially all, of the significant things that the contract required him to do?**

Yes _______ No _______

*If your answer to question 17 is "NO", then answer question 18. If you answered "YES", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 18: Did all the conditions that were required for Mr. Kuester's performance under the contract occur?**

Yes _______ No _______

*If your answer to question 18 is "YES", answer question 19. If you answered "NO" stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 19: Were the required conditions by Intrepid that did not occur excused or waived?**

*If your answer to question 19 is "YES" then answer question 20. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

Yes _______ No _______

**Question 20: Did Intrepid prove that Mr. Kuester breached the contract as to the following:**

| **Asserted Confidential Information** | | |
|---|---|---|
| a) Auto-calibration/6-projector layout | ______ Yes | ______ No |
| b) Edge-blending | ______ Yes | ______ No |
| c) Information about the in-development Valkyrie | ______ Yes | ______ No |

*If your answer to any part of Question 20  is "YES", then answer question 21 for that information only. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 21: Was Intrepid harmed by Mr. Kuester's breach of contract?**

Yes _______ No _______

*If your answer to question 21 is "YES", then answer question 22. If you answered "NO", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 22: Has Kuester proven that Intrepid engaged in inequitable, unfair, unconscionable, or deceitful conduct in connection with the same subject matter for which Intrepid claims a right to damages, such that you find Intrepid is entitled to no damages?**

Yes _______ No _______

*If your answer to question 22 is "NO", then answer question 23. If you answered "YES", stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 23: What is the amount of lost profits that Intrepid has proven by a preponderance of the evidence against Mr. Kuester for breach of contract? Do not include any amount of lost profits that you awarded in response to Question No. 10a.**

$___________.

*If your answer to Question 23 is anything other than zero, then answer Question 24a and 24b. If you answered zero, stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 24a: Could Intrepid have avoided any amount of the damages you awarded in Question No. 23 with reasonable efforts or expenditures?**

Yes _______ No _______

**Question 24b: If you answered YES to Question 24a, what are Intrepid's total damages against Mr. Kuester for breach of contract after subtracting the amount that Intrepid could have avoided?**

$______________.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy.

Dated: ___________________, 2026

By:_________________________________

Presiding Juror