UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3D SYSTEMS, INC.,

Plaintiff,

v.

Ben WYNNE, et al.,

Defendants.

Case No.: 21-cv-1141-AGS-DDL

**ORDER DENYING MOTION TO DE-DESIGNATE (ECF 906) AND OVERRULING OBJECTIONS TO TRIAL EXHIBITS (ECF 916), TIME LIMITS (ECF 917), AND DEPOSITION DESIGNATIONS (ECF 922 & 924)**

After the final pretrial conference, the parties filed a flurry of motions and objections, four of which are addressed below.

**A. Motion to De-Designate Trial Exhibits**

Counter-defendant 3D Systems, Inc., and third-party defendant Evan Kuester move *ex parte* to de-designate some trial exhibits noticed by third-party plaintiff Intrepid Automation, Inc. (*See* ECF 906.) That motion is denied as untimely.

The timeline is undisputed: On June 15, 2026, Intrepid sent the opposition its proposed trial exhibits. (*See* ECF 906-1, at 4.) The June 22 motion-in-limine deadline then came and went, which might have been the logical time to raise exhibit-related objections. (ECF 882.) The next day, June 23, 3D Systems and Kuester contacted Intrepid to dispute some of those exhibits' designations. (ECF 906-1, at 4; ECF 914-3, at 4.) This triggered a potential one-week deadline for seeking court intervention. That is, under the stipulated protective order: "If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection." (ECF 877, at 9.) Yet 3D Systems and Kuester waited two full weeks to file this motion, well past that deadline. (*See* ECF 906-1, at 4; ECF 914-2, at 2.) Also, because the motion was filed only two days before the final pretrial conference, the Court could not reasonably adjudicate it then either.

Court deadlines are instituted to keep the case moving and to ensure the parties—

and the Court—have enough time to review submissions as trial approaches. Intrepid's allegedly slow response to the June 23 communication does not excuse 3D Systems' and Kuester's delay in seeking a court resolution. The motion to de-designate is thus **DENIED**.

**B. Objections to Timestamps on Exhibits**

Next, 3D Systems and Kuester object to the timestamps on some of Intrepid's exhibits. (*See* ECF 916.) That objection is also untimely. As 3D Systems and Kuester admit, they identified this issue as early as "June 20, 2026," two days before the motion-in-limine deadline. (*See id.* at 4; ECF 882.) This evidentiary issue should have been raised in a motion in limine, or—at a minimum—3D Systems and Kuester should have requested more time to file such a motion. Waiting until July 16—weeks after that deadline—is far too late. The timestamps-related objection is **OVERRULED**.

**C. Deposition-Designation Objections**

Both sides object to some of the opposition's deposition designations, but these objections are late, too. (*See* ECF 922; ECF 924.) The parties highlight precisely the sort of evidentiary issues that should have been flagged for the court in motions in limine and resolved at the July 9, 2026 final pretrial conference. They instead filed these motions a week after that conference, with no adequate explanation for the tardiness. The deposition-designation objections are **OVERRULED**.

Of course, the foregoing rulings do not guarantee any exhibit's admission at trial. Proponents of evidence will still have to meet their burden of admissibility.

**D. Objections to Time Limits**

Finally, 3D Systems and Kuester object to the time limits this Court imposed for trial. (*See* ECF 917.) But the Court has already cleared an entire Criminal Calendar day, so that the parties can have the better part of two weeks of uninterrupted trial time, including for jury deliberations. 3D Systems and Kuester do not sufficiently explain why the Court should devote even more judicial resources to this trial. District courts "have broad authority to impose reasonable time limits." *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). That 3D Systems and Kuester will have to make strategic decisions as to

which witnesses to call—and how they will otherwise allocate the 20 hours their side is afforded—is a far cry from a trial constraint so "rigid" that it fails to "satisf[y] the requirements of due process." *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995); *cf. Porio v. Barbari*, No. 25-1294, 2026 WL 1298114, at *2 (9th Cir. May 12, 2026) (reversing "a strict three-hour-per-side time limit").

At any rate, the real problem seems to be not time allotment, but time management. The untimely motions and objections discussed earlier were not the first missed deadlines in this case. (*See, e.g.*, ECF 926, at 6 (3D Systems admitting to its "late production" of discovery); ECF 752, at 2–3 (referencing Intrepid's likely "untimely" supplemental disclosures).) And even when the Court has given the parties more space for argument, it has not always been used efficiently. For example, for the motion-in-limine briefing, the Court granted each side five additional pages. (*See* ECF 882 (increasing the motion-in-limine page limit to "30 pages" per side).) Rather than using those extra pages to focus on discrete items of evidence—like the objections to timestamps and depositions designations addressed above—the parties largely litigated ill-defined evidentiary categories that were too broad to meaningfully adjudicate. Thus, the vast majority of motions in limine were denied. (*See generally* ECF 915 (transcript of final pretrial conference, discussing motions in limine).)

The objection to time limits is thus **OVERRULED**. Each side will be limited to 20 hours, including opening statements, closing arguments, witness examinations (direct and cross), and any other forms of evidence presentation.

Dated: July 19, 2026

Hon. Andrew G. Schopler
United States District Judge