EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@Hunton.com
ROLAND M. JUAREZ (SBN 160793)
rjuarez@Hunton.com
D. ANDREW QUIGLEY (SBN 280986)
aquigley@Hunton.com
JACOB STRUCK (SBN 362712)
jstruck@Hunton.com
OZZIE A. FARRES (*admitted pro hac vice*)
ofarres@Hunton.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for 3D SYSTEMS, INC.
and EVAN KUESTER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

3D SYSTEMS, INC., a California Corporation;

Plaintiff,

v.

BEN WYNNE, an individual; CHRIS TANNER, an individual; JAMIE ETCHESON, an individual; ROBERT MUELLER, an individual; IVAN CHOUSAL, an individual; INTREPID AUTOMATION, a California Corporation; and DOES 1 through 20, inclusive,

Defendants.

**Case No.: 3:21-cv-01141-AGS-DDL**

**3D SYSTEMS, INC. AND EVAN KUESTER'S PROPOSED FINAL JURY INSTRUCTION NOS. 18 AND 19**

| |
|---|
| INTREPID AUTOMATION,<br>Counter-Claimant,<br>v.<br>3D SYSTEMS, and DOES 1-50, inclusive,<br><br>Counter-Defendant. |
| INTREPID AUTOMATION,<br>Third Party Claimant,<br>v.<br>EVAN KUESTER, and ROES 1-50, inclusive,<br><br>Third Party Defendant. |

Pursuant to the Court's Order during the Charge Conference, 3D Systems, Inc. and Evan Kuester propose the following jury instructions:

**<u>Proposed Alternate Final Instruction No. 18</u>**

**<u>3DS and Kuester's Proposal:</u>**

To establish that 3DS and/or Kuester misappropriated the Alleged Trade Secrets by disclosure, Intrepid must establish that 3DS and Kuester:

1. disclosed the Alleged Trade Secrets without Intrepid's consent; and
2. did one of the following:

(i) acquired knowledge of the trade secret by improper means; or

(ii) at the time of disclosure, knew or had reason to know that its knowledge of Intrepid's Alleged Trade Secrets came from or through Kuester, and that Kuester had previously acquired the trade secret by improper means; or

(iii) at the time of disclosure, knew or had reason to know that knowledge of the Alleged Trade Secret was acquired under circumstances giving rise to duty to maintain secrecy, which created a duty to keep the Alleged Trade Secrets secret. [1]

---

[1] Authority: CACI 4406 (2026 Edition).

**<u>Proposed Alternate Final Instruction No. 19</u>**

**<u>3DS and Kuester's Proposal:</u>**

To establish that 3DS misappropriated the Alleged Trade Secrets by "use", Intrepid must establish that 3DS:

1. used the Alleged Trade Secrets without Intrepid's consent; and

2. at the time of use, knew or had reason to know that its knowledge of the Alleged Trade Secrets came from or through Kuester, and that Kuester had previously acquired the Alleged Trade Secrets by improper means.[2]

Intrepid does not assert a claim of misappropriation by "use" against Evan Kuester.

DATED: August 4, 2026

**HUNTON ANDREWS KURTH LLP**

By: <u>*/s/ Emily Burkhardt Vicente*</u>
Emily Burkhardt Vicente
Roland M. Juarez
D. Andrew Quigley
Jacob Struck
Ozzie A. Farres
Attorneys for 3D SYSTEMS, INC. and EVAN KUESTER

---

[2] Authority: CACI 4407 (2026 Edition); *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1669, 3 Cal. Rptr. 3d 279, 286 (2003).