UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., Plaintiff, v. BEN WYNNE, et al., Defendants. | Case No.: 21-cv-1141-AGS-DDL **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL** **[Dkt. Nos. 792, 859, 869, 890]** |

**I.**

**INTRODUCTION**

Before the Court are four motions to file documents under seal: 3D Systems, Inc.'s ("3DS") motion to seal related to its motion for sanctions [Dkt. No. 792], 3DS's motion to seal related to its May 28, 2026 motion to compel [Dkt. No. 859], Intrepid Automation's motion to seal related to its opposition to 3DS's May 28, 2026 motion to compel [Dkt. No. 869], and 3DS's motion to seal information submitted by Intrepid related to their opposition to 3DS's May 15, 2026 motion to compel [Dkt. No. 890]. For the reasons set forth below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

/ / /

/ / /

/ / /

## II.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). Thus, when evaluating a request to seal judicial records, courts in this Circuit start with "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

The party requesting sealing bears the burden of overcoming this strong presumption. *Id.* The showing required depends upon whether the underlying motion is closely related to the merits of the case–in which case the party must demonstrate "compelling reasons" to seal–or is only "tangentially related" to them, which requires a less demanding showing of good cause. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Most courts apply the "good cause" standard to discovery motions. Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "[C]ourts will seal records containing detailed confidential business information" only "where the parties articulate a concrete, non-speculative harm" that would result from disclosure. *Grano v. Sodexo Mgmt., Inc.*, No. 18-cv-1818-RSH-BLM, 2022 WL 3371621, at *2 (S.D. Cal. Aug. 16, 2022). Both compelling reasons – and thus good cause - exist to seal "confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing

internal business and financial decision-making strategies." *Impossible Foods Inc. v. Impossible X LLC*, No. 21-CV-02419-BLF, 2025 WL 2662898, at *2 (N.D. Cal. Sept. 17, 2025) (citation omitted).

**III.**

**DISCUSSION**

**A. 3DS's Motion to Seal re Motion for Sanctions [Dkt. No. 792]**

On April 16, 2026, 3DS filed a motion for sanctions against Intrepid, alleging violations of the parties' stipulated protective order and patent prosecution bar. Dkt. No. 791. The same day, 3DS filed a motion to seal one line in the motion; two paragraphs of the attached Farres Declaration; and Exhibits 3, 4, 5, and 6 to the Farres Declaration. Dkt. No. 792. 3DS argues, and the Court agrees, that the good cause standard applies here, as the motion for sanctions alleging violations of the protective order and patent prosecution bar was only "tangentially related to the merits" of the parties' claims. *See Ctr. for Auto* Safety, 809 F.3d at 1096. *See United States v. GET Eng'g Corp.*, No. 19-CV-1249-RSH-MSB, 2025 WL 834762, at *1 (S.D. Cal. Mar. 17, 2025) (applying good cause standard to motion for sanctions arising from fee request); c*ompare 3D Sys., Inc. v. Wynne, No. 21-CV-1141-AGS-DDL, 2024 WL 1122377, at *1 (S.D. Cal. Mar. 14, 2024)* (applying compelling reasons standard to motion for terminating sanctions based on evidence spoliation).

Many of 3DS's proposed redactions relate to the identification of a specific functionality used in 3DS' s highly confidential source code. Dkt. No. 792. 3DS argues that information about this functionality is "highly confidential, not generally known to the public, and, if disclosed, would diminish 3DS's competitive standing." *Id.* at 2-3. 3DS's proposed redactions are narrowly targeted to information that would reveal the functionality, in multiple instances redacting only a single identifying word. The Court finds that good cause exists for such targeted redactions and grants the motion to seal as to the motion for sanctions itself, the Farres Declaration, and Exhibits 3 and 4 to the Farres Declaration. *See SanDisk3d IP Holdings Ltd. v. Viasat, Inc.*, No. 22-cv-04376-HSG, 2025

WL 835034 at *2 (N.D. Cal. Mar. 17, 2025) (granting motion to seal confidential source code under the good cause standard).

However, 3DS moved to seal Exhibits 5 and 6 to the Farres Declaration on the sole basis that they were designated by Intrepid as Confidential or Confidential-For Counsel Only pursuant to the parties' stipulated protective order. *Id.* at 3. Intrepid did not file a joinder to the motion to seal. "[T]hat these [documents] were designated as Confidential pursuant to the protective order is not enough" to meet the good cause standard. *Wadeea v. Mercedes-Benz USA, LLC*, No. 24-CV-1587-JLS-DDL, 2025 WL 3240879, at *2 (S.D. Cal. Nov. 19, 2025); *see Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS(MDD), 2017 WL 1035730, at *2 (S.D. Cal. Mar. 17, 2017) ("a blanket protective order is not itself sufficient to show 'good cause' for sealing particular documents"). Accordingly, the motion to seal is denied as to Exhibits 5 and 6 to the Farres Declaration.

**B. <u>3DS's Motion to Seal re Motion to Compel [Dkt. No. 859]</u>**

On May 28, 2026, 3DS moved to compel Intrepid to "produce all documents responsive to RFP 6" and moved the Court to reopen the Rule 30(b)(6) deposition of Intrepid. Dkt. No. 858. The same day, 3DS filed a motion to seal documents submitted in connection with the motion to compel. Dkt. No. 859.

First, 3DS argues that good cause exists to redact portions of Exhibit C to the Declaration of Emily Burkhardt Vicente. *Id.* at 5-6. 3DS proposes redactions to material on pages 8, 9 ,14, 17, and 22-25 of Exhibit C, which is Intrepid's supplemental responses to 3DS's interrogatories, dated April 16, 2025. 3DS explains that the redacted information "consists of 3DS's revenue for various 3D-printing products it sold from 2018-2023 and in 2022 (pages 8, 9, 22); the number of PSLA 270 printers that 3DS has shipped and their suggested and average retail price (page 14); 3DS's projected sales of the PSLA 270 and associated resin sales (pages 23, 24); and information related to 3DS's ideas for future products (pages 17, 25)." Dkt. No. 859 at 5. 3DS argues that disclosure of this information would harm 3DS's competitive standing by revealing information regarding pricing, profits, and product development. The Court finds that 3DS has demonstrated good cause.

*See Virtu Corporation v. Microsoft Corporation*, No. 23-cv-00872-JNW, 2025 WL 1383793 at *4-5 (W.D. Wash., May 12, 2025) (granting motion to seal records relating to financial information, business intelligence, and the parties' respective competitive standing). Accordingly, the motion to seal Exhibit C to the Vicente Declaration is granted.

For the remaining documents, 3DS does not argue that good cause exists but merely provides notice to Intrepid that the documents may contain information that Intrepid has designated as Confidential. *Id.* at 3. Intrepid did not file a joinder to the motion to seal. This includes Exhibits D, E, F, G, H, and I, and citations and quotations to those exhibits in the motion and the Vicente Declaration. Dkt. No. 859 at 3-4. Because no party has established good cause, the motion is denied as to these documents and references thereto.

**C. Intrepid's Motion to Seal re Opposition to Motion to Compel [Dkt. No. 869]**

On May 29, 2026, Intrepid filed a response in opposition to 3DS's motion to compel. Dkt. No. 869. The same day, Intrepid filed a motion to seal certain portions of Exhibits 3, 4, 5, and 6 attached to the declaration of Anne S. Potiker ("Potiker Declaration") submitted in connection with the opposition. Dkt. No. 869.

Exhibit 3 consists of excerpts from the October 6, 2023 deposition of Ben Wynne. Intrepid seeks to seal pages 281-296 in their entirety. Dkt. No 870-1. Intrepid argues that the proposed redactions concern "Intrepid's confidential, trade secret information, including the identities of Intrepid's customers…and Intrepid's confidential research and development, as well as financial information, which, if disclosed to the public, could harm Intrepid's competitive standing." Dkt. No. 869 at 4-5. Having reviewed the pages at issue, the Court finds Intrepid's proposed redactions to be overbroad. The Court recognizes the confidential nature of the discussions regarding Intrepid's customers, operations, and product development contained in pages 283-287 and 290-296, and finds good cause to seal those pages. However, it is not clear to the Court what confidential information appears on pages 281, 282, 288, or 289.

Exhibit 4 consists of excerpts from the October 20, 2023 Rule 30(b)(6) deposition of Intrepid. Intrepid seeks to seal pages 234, 246, and 247 in their entirety. Dkt. No. 870-

2. Exhibit 5 consists of excerpts from the December 15, 2023 deposition of Christopher Tanner. Intrepid seeks to seal pages 15-17 and 20-30. Dkt. No. 870-3. For both, Intrepid provides the same justification for sealing as for Exhibit 3. Dkt. No. 869 at 5. Having reviewed the material, the Court finds that good cause exists to seal these pages and grants the motion as to Exhibits 4 and 5.

Exhibit 6 consists of email correspondence between counsel for 3DS and counsel for Intrepid. Dkt. No. 870-4. Intrepid provides no argument that good cause exists to seal these documents but merely notes that they may contain information designated as confidential by 3DS. Dkt. No. 869 at 2. 3DS did not file a joinder to the motion to seal. Because no party has established good cause, the motion is denied as to Exhibit 6.

**D. <u>3DS's Motion to Seal re Intrepid's Opposition to Motion to Compel [Dkt. No. 890]</u>**

On May 15, 2026, 3DS filed a motion to compel Intrepid to supplement its response to Interrogatory No. 4. Dkt. No. 835. On May 22, 2026, Intrepid filed a response in opposition to the motion to compel and a motion to seal portions of its opposition. Dkt. Nos. 847, 848. Intrepid's motion to seal provided no legal argument and stated that "Intrepid will set forth the basis for sealing in the forthcoming consolidated joint motion to seal." Dkt. No. 848 at 3. The Court held motion hearings regarding the motion to compel on May 27, 2026, and May 28, 2026. On May 28, 2026, the Court granted in part the motion to compel and denied without prejudice Intrepid's motion to seal. Dkt. No. 864. The Court ordered Intrepid to file a motion to seal that establishes good cause by June 11, 2026. *Id.* at 2. On June 11, 2026, the parties filed a joint stipulation to request an extension of time to file a motion to seal, explaining that the information at issue was in fact 3DS's information, not Intrepid's, and that 3DS required additional time to review the materials and prepare a motion to seal. Dkt. No. 880. The Court granted the motion and extended the deadline to June 25, 2026. Dkt. No. 883.

On June 25, 2026, 3DS filed a motion to seal regarding Intrepid's opposition to 3DS's motion to compel. Dkt. No. 890. 3DS requests to seal only "the revenue generated

by sales of its PSLA 270 printer," as referenced on page 3, line 11 of the opposition. Dkt. No. 890 at 4; *see* Dkt. No. 847 at 3. 3DS argues that "[d]isclosure of [its] sales could allow a competitor of 3DS to unfairly compete with 3DS by targeting the market where 3DS has achieved these sales" and could "help a competitor understand the market for 3DS's products and the value of 3DS's business model." Dkt. No. 890 at 4. Considering these potential harms, the Court finds that good cause exists for the targeted redaction proposed by 3DS. Accordingly, the motion is granted.

However, 3DS does not move to seal the other redactions made by Intrepid in the opposition to 3DS's motion to compel: page 4, lines 25-26; page 10, lines 18-22 and 25; page 11, lines 8-10 and 12-15; and page 12, lines 5, 7, 10, and 11. Dkt. No. 847. Because Intrepid's original motion to seal was denied and 3DS did not move to seal this material in its subsequent motion to seal, this material must be filed publicly. By not later than **date**, Intrepid must publicly file a copy of its opposition to 3DS's motion to compel, redacting only the PSLA 270 revenue figure on page 3, line 11.

## III.

## CONCLUSION

For the reasons stated above, the motions to seal are **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** as follows:

1. 3DS's Motion to Seal regarding its Motion for Sanctions [Dkt. No. 792] is **GRANTED** as to proposed redactions to the motion, the Farres Declaration, and Exhibits 3 and 4 to the Farres Declaration. The motion is **DENIED WITHOUT PREJUDICE** as to all other documents.
2. 3DS's Motion to Seal regarding its May 28, 2026 Motion to Compel [Dkt. No. 859] is **GRANTED** as to Exhibit C to the Vicente Declaration. The motion is **DENIED WITHOUT PREJUDICE** as to all other documents.
3. Intrepid's Motion to Seal regarding its opposition to 3DS's Motion to Compel [Dkt. No. 869] is **GRANTED** as to pages 283-287 and 290-296 of Exhibit 3, Exhibit 4,

and Exhibit 5. The motion is **DENIED WITHOUT PREJUDICE** as to pages 281, 282, 288, and 289 of Exhibit 3 and as to Exhibit 6.

4. 3DS's Motion to Seal regarding Intrepid' s opposition to 3DS's May 15, 2026 Motion to Compel [Dkt. No. 890] is **GRANTED**.
5. Within **twenty-one days** of this Order, the parties must either publicly file versions of the documents above containing only the approved redactions, or file a joint motion to seal containing (1) a chart identifying by document name, sealed document number, and page and line/paragraph number the precise information they maintain should remain under seal and (2) a declaration from a source with the required personal knowledge attesting as to why there is good cause to seal each document at issue.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Honorable David D. Leshner
United States Magistrate Judge