UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., Plaintiff, v. Ben WYNNE, et al., Defendants. | Case No.: 21-cv-1141-AGS-DDL **ORDER OVERRULING 3D SYSTEMS' OBJECTION TO FEES (ECF 1002) AND GRANTING INTREPID'S REQUESTED FEES** |

After this Court found that 3D Systems' eve-of-trial production was sanctionable, it ordered 3D Systems' counsel to pay Intrepid's attorney costs and fees for bringing the underlying sanctions motion. (*See generally* ECF 936.) 3D Systems objects to Intrepid's demand for $17,027.50, based on 28.1 hours of time. (*See* ECF 1002, at 3.) 3D Systems instead proposes "8 hours of time for a total of $5,240." (*Id.*)

To determine the proper fee amount, "[d]istrict courts must calculate" "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate"—known as the "lodestar." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend[.]" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). 3D Systems does not dispute Intrepid's proposed rate, leaving only the number of hours in dispute. (*See* ECF 1002, at 3.)

3D Systems reasons that it worked for "approximately 6.5 hours" to respond to Intrepid's sanctions motion, so Intrepid should not be able to reasonably claim much more than that. (ECF 1002, at 7.) But this misconstrues the nature of what happened. 3D Systems had the late-disclosed information in its possession for years, so it did not need time to gather information or adjust its strategy in response to what happened. Or if it did, that was a problem of its own making. That was not the case for Intrepid's team—they had to scramble on the eve of trial to investigate the gravity of the late-disclosed information. The fact that this incident interrupted trial preparations takes the request outside the realm of a

standard discovery request and into one that sensibly called for "all hands on deck." The "time limitations imposed by the . . . circumstances" alone justify Intrepid's proposed amount. *See Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014). And there is nothing to hint that any work was "unnecessarily duplicative" or "excessive." *See Moreno*, 534 F.3d at 1113. The Court finds entirely reasonable the notion that this situation forced three attorneys to spend roughly three hours per day over three days for a total of 28.1 hours.

Nor is the time entries' detail lacking, as 3D Systems suggests. (*See* ECF 1002, at 7.) Counsel need only list the "hours" spent and "identify[] the general subject matter of [the] time expenditures." *Fischer v. SJB-P.D.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (cleaned up). Intrepid's attorneys reasonably accounted for and specified that they took time to "[r]eview the newly produced" information, evaluate any material impacts on existing trial strategy, coordinate with opposing counsel for the "meet and confer" efforts, and engage in the usual research and "[d]rafting" process. (*See* ECF 1006-2, at 6–7; ECF 1006-1, at 2 (noting that "[m]ultiple attorneys" "worked on portions of the motion in parallel," including two who "handled" "factual and strategic analysis, legal research, preparation for and participation in the meet and confer process" while another "did an analysis of how the late-produced documents related to" previous "e-discovery orders").)

Finally, 3D Systems argues that Intrepid should only get compensation for the "part of the requested relief" that it "prevailed" on. (ECF 1002, at 8 (cleaned up).) Normally, when "the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). But that guidance came within the context of successful "claims," not individual *arguments*. And even applying the principle to the individual arguments here, it does not change the result. In its motion, Intrepid asked the Court (1) to order a "search" of 3D Systems' "custodial files," (2) to make 3D Systems' witnesses "available for depositions," (3) for an "adverse inference" jury instruction"; and (4) for "fees." (*See* ECF 936, at 2.) The Court rejected the first two requests because they were

"not feasible" on the eve of trial. (*See id.* at 4 ("Trial starts today. It is difficult to imagine how the parties would have time to immediately search custodial files using specific keywords and make available every witness on either parties' witness list for questioning." (cleaned up)).) It was 3D Systems' untimely disclosure that caused the unworkability of those sanctions proposals. Perhaps if 3D Systems had turned over the documents earlier, the requested measures that were "not feasible" days before trial might have otherwise been appropriate. (*See id.*) Or perhaps not. Either way, 3D Systems' tardy disclosure made those proposals non-starters. And although the Court rejected the third "adverse inference" request on the merits, Intrepid's argument about that issue totaled two sentences and a parenthetical citation, so that does not warrant a reduction. *Cf. HM Elecs. v. R.F. Techs.*, No. 12cv2884-BAS (JLB), 2014 WL 3014372, at *12 (S.D. Cal. July 3, 2014) (ordering a "50% reduction of the time spent" on the sanctions motion because of its "limited success"). Finally, the Court *granted* the fees request and ordered "3D Systems' counsel" to "pay Intrepid's counsel's costs and fees for *bringing this motion*" without any mention of a reduction based on the success of a particular argument. (ECF 936, at 4 (emphasis added).)

Thus, 3D Systems' objection is **OVERRULED**. 3D Systems' counsel must pay Intrepid's counsel's reasonable fees for bringing the sanctions motion (ECF 918), totaling **$17,027.50**. (ECF 1006-1, at 2; *see generally* ECF 1006-2.)

Dated: October 7, 2026

Hon. Andrew G. Schopler
United States District Judge