UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3D SYSTEMS, INC., Plaintiff, v. BEN WYNNE, et al., Defendants. | Case No.: 21-cv-1141-AGS-DDL **ORDER GRANTING RENEWED MOTION TO SEAL.** **[Dkt. No. 1042]** |

**I.**

**<u>INTRODUCTION</u>**

Presently before the Court is Intrepid Automation's ("Intrepid") renewed motion to file documents under seal. Dkt. No. 1042. Intrepid represents this motion is unopposed by Plaintiff 3D Systems, Inc. ("3DS"). *Id*. at 2. The present motion is filed pursuant to the Court's prior Order Granting in Part and Denying in Part various motions to seal filed by both Intrepid and 3DS. *See* Dkt. No. 1018. Specifically, Intrepid now moves to seal: (1) portions of its Objections and Responses to 3DS's Interrogatories, Set 2 [Dkt. No. 791-6]; (2) portions of its Amended and Supplemental Responses and Objections to Evan Kuester's Interrogatories [Dkt. No. 791-7]; (3) portions of May 13, 2022 correspondence regarding Factory Acceptance Testing ("FAT") [Dkt. No. 858-8]; and (4) portions of the March 5, 2021 "LF Beta Proposal" [Dkt. No. 858-10]. *See* Dkt. No. 1042 at 3-7. Intrepid relies

upon the Declaration of Noah Hansen in support of an application to close the courtroom for testimony from SpaceX or that otherwise relates to International Traffic in Arms Regulations ("ITAR") [Dkt. No. 937] as the evidentiary basis supporting its requests for filing documents under seal. Dkt. No. 1042 at 4. For the reasons set forth below, Intrepid's Renewed Motion to Seal is **GRANTED**.

## II.

## LEGAL STANDARDS

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This longstanding principle "is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). Thus, when evaluating a request to seal judicial records, courts in this Circuit start with "a strong presumption in favor of access" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

The party requesting sealing bears the burden of overcoming this strong presumption. *Id.* The showing required depends upon whether the underlying motion is closely related to the merits of the case–in which case the party must demonstrate "compelling reasons" to seal–or is only "tangentially related" to them, which requires a less demanding showing of good cause. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Most courts apply the "good cause" standard to discovery motions. Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III.

## DISCUSSION

**A. Intrepid's Motion to Seal re Motion for Sanctions [Dkt. No. 792]**

On April 16, 2026, 3DS filed a motion for sanctions against Intrepid, alleging violations of the parties' stipulated protective order and patent prosecution bar. Dkt. No. 791. The same day, 3DS filed a motion to seal one line in the motion; two paragraphs of the attached Farres Declaration; and Exhibits 3, 4, 5, and 6 to the Farres Declaration. Dkt. No. 792. 3DS argued, and the Court agreed, that the good cause standard applied, as the motion for sanctions alleging violations of the protective order and patent prosecution bar was only "tangentially related to the merits" of the parties' claims. Dkt. No. 1018 at 3. The Court granted 3DS's motion to seal as to the motion for sanctions itself, the Farres Declaration, and Exhibits 3 and 4 to the Farres Declaration. *Id*. at 3.

3DS moved to seal Exhibits 5 and 6 to the Declaration of Ozzie A. Farres ("Farres Declaration") on the sole basis that they were designated by Intrepid as Confidential or Confidential-For Counsel Only pursuant to the parties' stipulated protective order. Dkt. No. 791 at 2-3. Intrepid did not file a joinder to the motion to seal, and the motion was denied as to Exhibits 5 and 6. Dkt. No. 1018 at 7.

On October 16, 2026, Intrepid filed the present motion to seal, arguing that the good cause standard applies to Exhibits 5 and 6 to the Farres Declaration. Dkt. No. 1042 at 1. The Court agrees.

As to Exhibit 5 [Dkt. No. 791-6], Intrepid identifies three photographs which it argues "depict SpaceX component parts and associated manufacturing information." Dkt. No. 1042 at 3. Intrepid characterizes the photographs as "highly sensitive information related to rocket-and-launch-related components, technical specifications, or tolerances which may potentially implicate the International Traffic in Arms Regulations ("ITAR") and/or National Security controls under the Export Administration Regulations ("EAR") that should be protected from public disclosure to avoid an inadvertent release of the technical data to a foreign person in violation of the law." *Id*. at 4-5. Intrepid also notes

these regulations were discussed at length in the parties' previously filed application to close the courtroom for testimony [Dkt. No. 937] and that Judge Schopler did, in fact, close the courtroom during presentation of ITAR and EAR-related evidence during trial. Dkt. No. 1042 at 3. The Court finds that good cause exists for such targeted redactions and grants the motion to seal as to the three identified photographs in Exhibit 5 to the Farres Declaration. *See TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083-PHX-DGC, 2014 WL 880408 at *2-3 (D. Ariz. Mar. 6, 2014) (applying the compelling reasons standard and granting in part motions to seal on the basis "the documents contain ITAR and EAR controlled information").

As to Exhibit 6 to the Farres Declaration, Intrepid identifies two photographs that similarly implicate "highly sensitive" ITAR and EAR-related information. Dkt. No. 1042 at 5. For the same reasons provided above, the Court finds that good cause exists for such targeted redactions and grants the motion to seal as to the two identified photographs in Exhibit 6 to the Farres Declaration.

**B. <u>Intrepid's Motion to Seal re Motion to Compel [Dkt. No. 859]</u>**

On May 28, 2026, 3DS moved to compel Intrepid to "produce all documents responsive to RFP 6" and moved the Court to reopen the Rule 30(b)(6) deposition of Intrepid. Dkt. No. 858. The same day, 3DS filed a motion to seal documents submitted in connection with the motion to compel. Dkt. No. 859. Among the documents submitted to the Court were Exhibits C, D, E, F, G, H, and I to the Declaration of Emily Burkhardt Vicente ("Vicente Declaration"), along with citations and quotations to those exhibits. Dkt. No. 858. In its October 25, 2026 Order, the Court noted that 3DS did not argue that good cause exists to seal these Exhibits, but merely provided notice to Intrepid that the documents may contain information that Intrepid has designated as Confidential. Dkt. No. 859 at 3. Intrepid did not file a joinder to the motion to seal at that time. The motion was denied as to these Exhibits upon a finding that no party had established good cause. Dkt. No. 1018 at 5.

/ / /

Intrepid's present motion to seal identifies one page, Bates Number INTREP035287, of Exhibit G to the Vicente Declaration as "May 13, 2022 Correspondence Between Daniel Bach (SpaceX) to Wynne et al re: FAT Testing." Dkt. No. 1042 at 5. Intrepid requests sealing of this correspondence limited to "technical information concerning the component and its applicable tolerances," on the basis that its contents are highly sensitive and may implicate the ITAR and/or EAR. *Id*. at 6. The Court finds that Intrepid has demonstrated good cause, and the motion to seal the identified page of Exhibit G to the Vicente Declaration is granted.

Also in Intrepid's motion to seal are portions of the "March 5, 2021 'LF Beta Proposal.'" Dkt. No. 1042 at 7-8. Intrepid identifies two pages, Bates Numbers INTREP014553 and INTREP014555, of the LF Beta Proposal as "Vicente Declaration Ex. G, ECF 858-10." *Id*. at 8 (emphasis added). In the Court's review of these Bates Numbered documents, it appears INTREP014553 and INTREP014555 exist in Exhibit I to the Vicente Declaration, not Exhibit G. *See* Dkt. No. 858-10. Confirming the Court's observation, Intrepid stated that it "intends to move to seal . . . Exhibits G and I to the Declaration of Emily Burkhardt Vicente (ECF 858-1)" in its subsequently filed Joint Submission of Unsealed Documents. *See* Dkt. No. 1043 at 3. The Court proceeds with its analysis under the assumption that Intrepid is referring to the identified Bates Numbered documents in Exhibit I to the Vicente Declaration.

Intrepid characterizes the portions of Exhibit I it moves to file under seal as "a contract proposal between Intrepid and Space X concerning the manufacture of SpaceX components." Dkt. No. 1042 at 8. Again, Intrepid notes the documents' highly sensitive information may potentially implicate the ITAR and EAR. *Id*. The Court finds that Intrepid has demonstrated good cause, and the motion to seal portions of two pages of Exhibit I to the Vicente Declaration is granted.

/ / /

/ / /

/ / /

## III.

## CONCLUSION

For the reasons stated above, the renewed motion to seal is **GRANTED**. The Court **ORDERS** as follows:

1. Intrepid's Motion to Seal regarding 3DS's Motion for Sanctions [Dkt. No. 792] is **GRANTED** as to the identified photographs within Exhibits 5 and 6 to the Farres Declaration.
2. Intrepid's Motion to Seal regarding 3DS's May 28, 2026 Motion to Compel [Dkt. No. 859] is **GRANTED** as to the identified portions of Exhibits G and I to the Vicente Declaration.
3. The Clerk of Court is respectfully requested to file the foregoing documents under seal.

**IT IS SO ORDERED.**

Dated: October 20, 2026

David Leshner

Honorable David D. Leshner
United States Magistrate Judge